Norristown Area School District, Appellant *v.* A. V., a minor, by and through his parents and natural guardians, V. V. and A. V., Appellees.

Argued April 9, 1985, before Judges Rogers, Mac-
Phail and Palladino, sitting as a panel of three.

*Philip R. Detwiler*, with him, *John F. Walsh*,
*Philip R. Detwiler & Associates*, for appellant.

*Richard W. Rogers, Rogers, King & Cole*, for ap-
pellees.

Opinion by Judge MacPhail, July 22, 1985:

Norristown Area School District (Appellant) ap-
peals from an order of the Court of Common Pleas
of Montgomery County which enjoined Appellant
from preventing A. V.'s[1] attendance in school and

---

[1] A. V. is a minor whose full name was withheld in the record
filed with this Court to protect the student's identity.

directing Appellant to enroll or re-enroll A. V. for classes.

This case begins with events that occurred on February 25, 1983 when A. V., a seventh grade student, allegedly was discovered stealing money from two teachers. The student was immediately given a three-day suspension and a principal's hearing was scheduled for June 1. The student and his parents attended that hearing. The student was given an additional seven-day suspension by the principal and was informed that the principal would recommend expulsion. At the parents' request, Appellant conducted a formal hearing[2] as a result of which Appellant voted on June 27, 1983 to expel the student. On July 27, 1983, Appellant, pursuant to the request of the student's counsel, formally notified the student and the student's parents of its decision.

On August 11, 1983,[3] an appeal was filed with the Court of Common Pleas of Montgomery County under the provisions of the Local Agency Law (Law), 2 Pa. C. S. §752. The petition for review to the trial court alleged that the Appellant's adjudication was invalid because the hearing conducted was infirm in that it denied the student his constitutional right to due process of law. The petition for review also averred that the adjudication itself was infirm because it did not conform with the requirements of the Law, 2 Pa. C. S. §555. On September 14, 1983, Appellant filed an answer with new matter. Appellant's answer admitted several defects in the hearing and in the adjudication. The new matter set forth that

---

[2] The hearing was actually conducted by Appellant's Discipline Committee. See Section 1318 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §13-1318.

[3] Although the petition is date stamped September 14, 1983, the trial court deemed it to have been filed August 11, 1983 due to some confusion in the filing office.

Appellant had conducted another hearing on September 6, 1983 after notice to the student, the student's parents and counsel. It is further averred in the new matter that although the student, the student's parents and counsel failed to appear, Appellant again voted to expel the student and then formally notified all parties of its action.

On October 5, 1983, the trial court called a conference of counsel for the litigants to discuss the case. At or about the same time,[4] the student, by his parents, filed a petition to enjoin Appellant from preventing the student from attending class. Pursuant to that petition, the trial court entered the following order:

> AND NOW, this 7th day of October, 1983, the said Norristown Area School District, its Board of Directors, employees and or officers, and/or any other person is herewith enjoined from preventing [A.V.'s] attendance at the public schools of the Norristown Area School District as a regular student with all attendant rights to which [A.V.] is thereto entitled. The said School District is directed to provide for [A.V.'s] immediate enrollment or re-enrollment.

It was necessary to detail the history of this case in order to focus upon the issues presented to us by Appellant. They are (1) whether the court ordered injunction is valid and (2) whether A. V. was properly expelled.

---

[4] The petition plainly bears the filing date of October 12 and the order with respect thereto plainly bears the date of October 7. We surmise that the petition was presented to the trial judge in chambers and held by him until the order was signed. The petition and order then were filed simultaneously in the filing office on October 12, 1983.

It is evident that the injunction was granted without a hearing. As a matter of fact, as far as we can ascertain from the record before us, there never has been a hearing nor has oral argument been heard on the local agency appeal or the petition for injunction apart from the conference presumably held in judicial chambers on October 5, 1983. That conference does not appear in the docket entries but mention is made of it in the trial judge's opinion dated December 28, 1983 in support of his October 7, 1983 order.

Appellant argues that the injunction was improperly granted for several reasons. We must agree that neither law nor equity permit the granting of an injunction ancillary to a local agency appeal solely on the basis of an unverified petition. Injunctive relief, of course, is an equitable remedy available only in actions brought in equity and only after a hearing unless it is *ex parte*. Pa. R.C.P. No. 1531. In dealing with the merits of an administrative appeal, the trial court is limited by the provisions of 2 Pa. C. S. §754. Subsection (a) of Section 754 provides for a remand in the event of an incomplete record. Subsection (b) provides for affirmance if certain requirements are met and for the entry of any other order authorized by 42 Pa. C. S. §706 if the adjudication is not affirmed. We believe that what the student could have requested and what the trial court would have been authorized to grant, is a stay of proceedings pending disposition of the appeal.

We must conclude that the trial court had no authority to enter the injunction, which is a permanent injunction, in the instant case.

Appellant's own procedures, however, are also the subject of criticism. It is the student's contention that once the administrative appeal was invoked, Appellant could not thereafter conduct another hearing to rectify admitted errors in the first hearing. The stu-

dent's reliance upon Pa. R.A.P. 1701 as authority for the proposition that after an appeal is taken, the administrative agency may no longer proceed further in the matter, is misplaced. The Rules of Appellate Procedure apply only to the Supreme Court, the Superior Court and the Commonwealth Court, Pa. R.A.P. 103. A strong argument can be made, nevertheless, that the same principles should apply where the appeal is from an agency adjudication to a court of common pleas. The obvious reason for not having additional proceedings once an appeal is undertaken, is orderliness. Here the court of common pleas was acting as an appellate court. We believe that litigants are confused enough by our labyrinth of bureaucratic and judicial processes without causing them further grief by requiring them to proceed in one forum while another forum has their case under consideration on appeal. We hold that Appellant's hearing on September 6, 1983 was void and of no effect.

Thus far, we have concluded that the order for injunctive relief was improper and that Appellant's second hearing was a nullity. There remains the question of an appropriate remedy.

Although the trial court's opinion in support of its order states that the issue it was deciding was whether the expulsion of the student was proper, the order itself never really states whether the Appellant's adjudication was affirmed, reversed or modified. The effect of the order, however, is to reverse Appellant's decision to expel the student. As we have noted, there has been no hearing and no formal argument before the trial court. The trial court's opinion states that the Appellant did not record the hearing, made no findings of fact and issued a delayed adjudication without findings and without setting forth reasons for the expulsion. The trial court's opinion concludes that these errors constituted a violation of the

student's constitutional rights and an abuse of the Appellant's discretion.

There is no dispute that Appellant is guilty of the errors detailed in the trial court's opinion, but we question whether those defects were so serious as to reach constitutional dimension. It is specifically provided in the Law, 2 Pa. C. S. §754, that where the record on appeal from an administrative decision is incomplete, the remedy is a *de novo* hearing or a remand. We hold that the remedy for an adjudication which does not satisfy the requirements of the Law in 2 Pa. C. S. §555, again, is a remand. Finally, in the absence of a specific statutory requirement of timeliness, such as in zoning cases,[5] we do not believe an adjudication communicated one month after the fact per se renders it invalid. In short, to the extent the trial court's order may be interpreted as reversing Appellant's adjudication, we now hold that the trial court had no proper legal basis to do so.

In an effort to untangle the procedural snarl and provide a means by which the merits of this case properly may be adjudicated and reviewed, we will (1) vacate the order appealed from to the extent it would reverse the Appellant's adjudication and remand with instructions and (2) modify the order to the extent it would grant an injunction by providing that Appellant's expulsion proceedings be set aside.

### ORDER

The order of the Court of Common Pleas of Montgomery County dated October 7, 1983 is vacated to the extent it would reverse the adjudication of the Norristown Area School District dated July 27, 1983. The said Court of Common Pleas is directed to remand the case to the Norristown Area School District for

---

[5] *See* Act of July 9, 1976, P.L. 919, 53 P.S. §4104.

a new hearing and adjudication which conforms with the provisions of 2 Pa. C. S. §§551-555.

The order of the Court of Common Pleas of Montgomery County dated October 7, 1983 is hereby modified to the extent that it enjoined the Norristown Area School District from preventing A. V.'s attendance at school to provide instead that the expulsion proceedings conducted by the said school district in June and September of 1983 be, and they are, hereby set aside.

Jurisdiction relinquished.