IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John J. Lynch,                        :
                 Appellant            :
                                      :
        v.                            :   No. 1330 C.D. 2015
                                      :   Submitted: March 11, 2016
Andrew L. Gittelmacher               :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                      FILED: May 11, 2016

John J. Lynch, *pro se*, appeals a July 2, 2015, order of the Court of Common Pleas of Philadelphia County (trial court) that denied his petition for a preliminary injunction to restrain the allegedly abusive conduct of Andrew L. Gittelmacher, the defendant in Lynch's underlying equity complaint. The trial court denied the preliminary injunction without prejudice in order to allow Lynch to file a private criminal complaint against Gittelmacher. *See* PA. R.CRIM.P. 504.[1] Gittelmacher, appellee, contends that Lynch's appeal should be quashed because the trial court's order was not a final and appealable order. We deny the motion to quash, reverse the order of the trial court, and remand for further proceedings.

This controversy began when, on July 2, 2015, Lynch filed a complaint against Gittelmacher seeking damages in the amount of $150,000 for Gittelmacher's allegedly assaultive, harassing, annoying, and life-threatening conduct. Along with the complaint, Lynch filed a petition for a preliminary

---

[1] The text of PA. R.CRIM.P. 504 is recited later in this opinion.

injunction to restrain Gittelmacher from coming within 250 feet of Lynch.  The petition alleged that a preliminary injunction was necessary to restrain Gittelmacher's assaultive, harassing, annoying, and life-threatening conduct.  The trial court denied the preliminary injunction for the stated reason that the restraining order sought by Lynch was barred by a legal remedy, *i.e.*, the filing of a criminal complaint pursuant to Rule 504 of the Pennsylvania Rules of Criminal Procedure.   The trial court retained jurisdiction over Lynch's underlying complaint.  On July 7, 2015, Lynch appealed the trial court's order.[2]

On appeal, Lynch argues that the trial court erred and abused its discretion.  He contends that there is no law, statute, or rule of procedure that precludes his requested injunction, which he asserts is governed by Pennsylvania Rule of Civil Procedure 1531(a).[3]  Gittelmacher responds that the trial court's order was not final and, thus, this Court lacks jurisdiction to consider Lynch's appeal.

---

[2] Generally, this Court does not hear appeals in a civil action between two private individuals. Nevertheless, because Gittelmacher has not objected to our jurisdiction it is perfected.  *See* Pa. R.A.P. 741(a) ("The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules for the filing of the record shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court[.]").

[3] It states, in relevant part, as follows:

> (a) A court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice.

PA. R.C.P. No. 1531(a).

We first address whether the order denying the preliminary injunction is appealable.[4]  As a general rule, an appeal may be taken only from a final order. *Rae v. Pennsylvania Funeral Directors Association*, 977 A.2d 1121, 1124-25 (Pa. 2009).  "The purpose of limiting appellate review to a final order is 'to prevent piecemeal determinations and the consequent protraction of litigation.'" *In re First Baptist Church of Spring Mill,* 22 A.3d 1091, 1095 (Pa. Cmwlth. 2011) (quoting *Hionis v. Concord Township*, 973 A.2d 1030, 1034 (Pa. Cmwlth. 2009)).  A final order is any order that either (i) "disposes of all claims and all parties" or (ii) is certified as a final order by the trial court or governmental unit.  PA. R.A.P. 341(b), (c).[5]  An order that sustains preliminary objections with leave to file an amended

---

[4] Whether an order is appealable is a question of law, as to which our standard of review is *de novo* and our scope of review is plenary.  *Rae v. Pennsylvania Funeral Directors Association*, 977 A.2d 1121, 1126 n.8 (Pa. 2009).

[5] Rule 341 states, in relevant part, as follows:

> (b) Definition of Final Order.—A final order is any order that:
>> (1)  disposes of all claims and of all parties; or
>> (2)  RESCINDED;
>> (3)  is entered as a final order pursuant to paragraph (c) of this rule.
>
> (c) Determination of finality.—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.  Such an order becomes appealable when entered.  In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.  In addition, the following conditions shall apply:
>> (1)   The trial court or other government unit is required to act on an application for a determination of finality under paragraph (c) within 30 days of entry of the order.  During the time an application for a determination of finality is pending the action is stayed.

**(Footnote continued on the next page . . . )**

3

complaint is not considered a final order. *See Hionis*, 973 A.2d at 1034; *Mier v. Stewart*, 683 A.2d 930 (Pa. Super. 1996) (order dismissing a complaint without prejudice and giving plaintiff 30 days to file an amended complaint is not a final order).

Here, the July 2, 2015, order is not a final order within the meaning of Pa. R.A.P. 341(b) and (c). It is an interlocutory order. Nevertheless, an interlocutory order that denies preliminary injunctive relief can be appealed.

The Pennsylvania Rules of Appellate Procedure provide, in relevant part, as follows:

> **Rule 311.  Interlocutory Appeals as of Right**
>
> (a)  General rule.  An appeal may be taken as of right and without reference to Pa. R.A.P. 341(c) from:
>
> * * *

---

**(continued . . . )**

> (2)  A notice of appeal may be filed within 30 days after entry of an order as amended unless a shorter time period is provided in Pa. R.A.P. 903(c).  Any denial of such an application shall be reviewable only for abuse of discretion pursuant to Chapter 15.
>
> (3)  Unless the trial court or other government unit acts on the application within 30 days of entry of the order, the trial court or other government unit shall no longer consider the application and it shall be deemed denied.
>
> (4)  The time for filing a petition for review will begin to run from the date of entry of the order denying the application for a determination of finality or, if the application is deemed denied, from the 31st day.  A petition for review may be filed within 30 days of the entry of the order denying the application or within 30 days of the deemed denial unless a shorter time period is provided by Pa. R.A.P. 1512(b).

PA. R.A.P. 341(b), (c).

(4) *Injunctions. An order that* grants or *denies*, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve *an injunction* unless the order was entered:

> (i) Pursuant to [Section 3323(f) or 3505(a) of the Divorce Code,] 23 Pa. C.S. §§3323(f), 3505(a); or

> (ii) After a trial but before entry of the final order. Such order is immediately appealable, however, if the order enjoins conduct previously permitted or mandated or permits or mandates conduct not previously mandated or permitted, and is effective before entry of the final order.

PA. R.A.P. 311(a)(4) (emphasis added). Because the July 2, 2015, order denied a preliminary injunction, it is an appealable interlocutory order. Accordingly, we deny Gittelmacher's motion to quash.

We turn, then, to the merits of the trial court's denial of a preliminary injunction.[6] Preliminary injunctive relief "is an equitable remedy available only in actions brought in equity." *Barcia v. Fenlon,* 37 A.3d 1, 6 (Pa. Cmwlth. 2012) (quoting *Norristown Area School District v. A.V.*, 495 A.2d 990, 992 (Pa. Cmwlth. 1985)). The purpose of a preliminary injunction is to "preserve the status quo and prevent imminent and irreparable harm" until the merits of the underlying complaint in equity can be decided. *Berger v. West Jefferson Hill School District,*

---

[6] Our review of a trial court order granting or denying preliminary injunctive relief is "*highly deferential* and is limited to determining whether the trial court abused its discretion." *Commonwealth ex rel. Corbett v. Snyder*, 977 A.2d 28, 41 (Pa. Cmwlth. 2009) (emphasis in original).

5

669 A.2d 1084, 1085 (Pa. Cmwlth. 1995). Our Supreme Court has established the prerequisites for a preliminary injunction:

> [A] party must establish prior to obtaining preliminary injunctive relief … 1) "that the injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages"; 2) "that greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings"; 3) "that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct"; 4) "that the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits"; 5) "that the injunction it seeks is reasonably suited to abate the offending activity"; and, 6) "that a preliminary injunction will not adversely affect the public interest."

*Warehime v. Warehime*, 860 A.2d 41, 46-47 (Pa. 2004) (quoting *Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1001 (Pa. 2003)). A trial court may deny relief where the moving party fails to prove even one of the "essential prerequisites" for a preliminary injunction. *Maritrans GP Inc. v. Pepper, Hamilton & Scheetz,* 602 A.2d 1277, 1282-83 (Pa. 1992).

Gittelmacher does not argue that Lynch's petition for a preliminary injunction lacks the essential prerequisites for a preliminary injunction. Indeed, Gittelmacher does not defend the merits of the trial court's order denying the preliminary injunction, *i.e.*, that Lynch had a legal remedy.

Lynch seeks to restrain Gittelmacher from assaultive, harassing, annoying, and life-threatening conduct towards Lynch, *i.e.*, conduct prohibited by the Pennsylvania Crimes Code, 18 Pa. C.S. §§101-9402. The trial court held that a

6

private criminal complaint under Rule 504 of the Rules of Criminal Procedure constituted an adequate legal remedy.[7] We disagree.

---

[7] Rule 504 states:

Every complaint shall contain:

(1)     the name of the affiant;

(2)     the name and address of the defendant, or if unknown, a description of the defendant as nearly as may be;

(3)     a direct accusation to the best of the affiant's knowledge, or information and belief, that the defendant violated the penal laws of the Commonwealth of Pennsylvania;

(4)     the date when the offense is alleged to have been committed; provided, however:

    (a)     if the specific date is unknown, or if the offense is a continuing one, it shall be sufficient to state that it was committed on or about any date within the period of limitations; and

    (b)     if the date or day of the week is an essential element of the offense charged, such date or day must be specifically set forth;

(5) the place where the offense is alleged to have been committed;

(6)(a) in a court case, a summary of the facts sufficient to advise the defendant of the nature of the offense charged, but neither the evidence nor the statute allegedly violated need be cited in the complaint. However, a citation of the statute allegedly violated, by itself, shall not be sufficient for compliance with this subsection; or

   (b) in a summary case, a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged;

(7)     a statement that the acts of the defendant were against the peace and dignity of the Commonwealth of Pennsylvania or in violation of an ordinance of a political subdivision;

(8)     a notation if criminal laboratory services are requested in the case;

(9)     a notation that the defendant has or has not been fingerprinted;

(10)  a request for the issuance of a warrant of arrest or a summons, unless an arrest has already been effected;

(11)  a verification by the affiant that the facts set forth in the complaint are true and correct to the affiant's personal knowledge, or information and belief, and that any false statements therein are made subject to the penalties of the Crimes Code, 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities; and

(12)  the signature of the affiant and the date of the execution of the complaint.

PA. R.CRIM.P. 504.

Rule of Criminal Procedure 506 requires that where the complainant "is not a law enforcement officer," the complaint must be submitted to the District Attorney. Rule 506 states:

> (A)   When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.
>
> (B)   If the attorney for the Commonwealth:
>
> > (1)   approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;
> >
> > (2)   disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

PA. R.CRIM.P. 506. Because Lynch's ability to have a criminal proceeding brought against Gittelmacher is dependent on the decision of the District Attorney, it is not a legal remedy that will preclude equitable relief.

Simply because conduct may be criminal does not take that conduct beyond the reach of a civil remedy. For example, assault can trigger both criminal and civil sanctions. Assault is a crime under Section 2701 of the Pennsylvania Crimes Code, 18 Pa. C.S. §2701.[8] This does not preclude the victim from pursuing

---

[8] It states:

> (a)   Offense defined.--Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:
>
> > (1)   attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

**(Footnote continued on the next page . . . )**

8

a tort action. *See Sides v. Cleland*, 648 A.2d 793, 796 (Pa. Super. 1994) (citing Restatement (Second) of Torts, §21) ("An assault occurs when an actor intends to cause imminent apprehension of a harmful or offensive bodily contact."). Private interests are vindicated in a civil tort action, and society's interest in keeping the peace is vindicated in a criminal law enforcement proceeding. In short, the trial court erred in denying Lynch's request for a preliminary injunction for the stated reason that he had a legal remedy by way of a private criminal complaint.

On February 24, 2016, Lynch also filed a "Petition and/or Application for Relief" related to the instant appeal as well as two other appeals docketed at Nos. 2467 C.D. 2015 and 185 C.D. 2016. That application has been denied in a *per curiam* order of this Court dated April 1, 2016, and, thus, will not be addressed herein.

---

**(continued . . . )**

    (2)   negligently causes bodily injury to another with a deadly weapon;

    (3)   attempts by physical menace to put another in fear of imminent serious bodily injury; or

    (4)   conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an officer or an employee of a correctional institution, county jail or prison, detention facility or mental hospital during the course of an arrest or any search of the person.

(b)   Grading.--Simple assault is a misdemeanor of the second degree unless committed:

    (1)   in a fight or scuffle entered into by mutual consent, in which case it is a misdemeanor of the third degree; or

    (2)   against a child under 12 years of age by a person 18 years of age or older, in which case it is a misdemeanor of the first degree.

18 Pa. C.S. §2701.

9

For all the foregoing reasons, we reverse the trial court's order of July 2, 2015, and remand for further proceedings.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John J. Lynch,                      :
                 Appellant          :
                                    :
         v.                         :      No. 1330 C.D. 2015
                                    :
Andrew L. Gittelmacher             :

## **O R D E R**

AND NOW, this 11th day of May, 2016, the order of the Court of Common Pleas of Philadelphia County dated July 2, 2015, is hereby REVERSED and the matter is REMANDED for further proceedings in accordance with the foregoing opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge