# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Landon May,                :
          Appellant      :
                :
       v.             :
                :
Jane Doe, Pennsylvania    :   No. 649 C.D. 2021
Department of Corrections    :   Submitted: September 17, 2021


BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge[1]
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION BY
JUDGE COVEY                       FILED: February 17, 2022


Landon May (May) appeals pro se from the Centre County Common Pleas Court's (trial court) February 8, 2021 order[2] sustaining the Pennsylvania Department of Corrections' (DOC) Preliminary Objections (Preliminary Objections) to May's pro se Complaint (Complaint), dismissing the Complaint and granting him 30 days to amend the Complaint. May presents three issues for this Court's review: (1) whether the fact that DOC addressed his grievance prevents DOC from demurring to his Complaint; (2) whether the trial court erred by not accepting all well-pleaded facts averred in the Complaint as true; and (3) whether the trial court erred by concluding that DOC could not be liable to May when it neglected to deliver his properly addressed mail. After review, this Court quashes May's appeal.

May is currently incarcerated at State Correctional Institution (SCI)-Phoenix. *See* Complaint ¶1. On January 27, 2020, May, "acting through an agent,

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

[2] The trial court's order incorrectly identified the date as February 8, 2020.

caused an order for seven books [(Order)] to be shipped" to DOC's Security Processing Center (SPC) from Thriftbooks.com.  Complaint ¶6.  Documents attached to the Complaint reflect that the Order was placed by the holder of an email account identified as Jessica Johnson.  *See* Complaint Exs. A-1, A-2, B.  The Order totaled $33.21.  *See* Complaint ¶7.  On February 5, 2020, an SPC agent received one part of the Order.  *See* Complaint ¶8; *see also* Complaint Exs. A-1, C-1.  On February 6, 2020, an SPC agent received the remainder of the Order.  *See* Complaint ¶9; *see also* Complaint Exs. A-2, C-2.  On February 12, 2020, May received two of the seven books in the Order.  *See* Complaint ¶10.  May has not received the rest of the Order.  *See* Complaint ¶11.

On February 24, 2020, May filed a grievance with DOC (Grievance) seeking delivery of the remaining five books or reimbursement therefor, i.e., $25.28.  *See* Complaint ¶13; *see also* Complaint Ex. D.  On March 10, 2020, DOC denied the Grievance, *see* Complaint ¶15, explaining:

> After checking the tracking from the SPC, [SPC] ha[s] only processed [two] books for you since [January 29, 2020].  The mailroom received those books on [February 11, 2020,] and they were sent to the unit you are located [sic] on [February 12, 2020].  We have not received anything else for you.  The mailroom did not misplace your publications.

Complaint Ex. E.  On March 19, 2020, May appealed to SCI-Phoenix Superintendent K. Jaime Sorber (Sorber).  *See* Complaint ¶16; *see also* Complaint Ex. F.

On April 10, 2020, Sorber denied the appeal, *see* Complaint ¶18, but nevertheless admitted:

> I am in receipt of your [G]rievance appeal in which you state 7-books were purchased through thrift[]books.com[.]  You state you only received 2 of the books.  You are asking for the books to be found or the money to repurchase.

2

> Upon review of all available information, I find that your books **were** delivered to the [SPC]. Unfortunately, with a high volume of books and magazines to process, it causes a delay in receiving such items. Once the mailroom receives your book [sic] from SPC, it will be processed the same day and sent to the housing unit you are assigned to.

Complaint Ex. G (emphasis added). On April 17, 2020, May appealed to DOC's Secretary's Office of Inmate Grievances and Appeals (Appeals Office), noting that Sorber had admitted to receiving the books, and referencing enclosed receipts and United States Postal Service (USPS) tracking documents/proofs-of-delivery. *See* Complaint ¶19; *see also* Complaint Ex. H. **Despite Sorber's acknowledgment that the books had been delivered to SPC**, and the existence of the USPS tracking documents, on June 22, 2020, the Appeals Office denied May's appeal, s*ee* Complaint ¶20, stating that "[r]eview of the record finds that the responses provided to you appropriately addressed your concerns. Records reflect that the items the SPC received were forwarded to the facility for review/distribution. Records reflect that **the SPC only received the two books that you received**." Complaint Ex. I (emphasis added).

On August 17, 2020, May filed the Complaint in the trial court against Jane Doe[3] and DOC (collectively, DOC) seeking an injunction directing DOC to locate and deliver his property, or in the alternative, $25.28 in compensatory damages, and costs.[4] On October 30, 2020, DOC filed the Preliminary Objections

---

[3] Jane Doe is an unidentified DOC employee who is charged with managing/supervising the SPC. *See* Complaint ¶2.

[4]      In Pennsylvania, a tort law remedy is available for the possession and/or destruction of non-contraband personal property [by DOC] by virtue of [S]ection 8522(b)(3) of what is commonly referred to as the Sovereign Immunity Act, which waives immunity for negligent acts concerning "[t]he care, custody or control of personal property in the possession or control of Commonwealth [of Pennsylvania (Commonwealth)] parties, including . . . property of

3

in the nature of a demurrer, wherein it alleged that the Complaint should be dismissed because it was legally insufficient pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(4). On February 8, 2021, the trial court sustained the Preliminary Objections, dismissed the Complaint, and permitted May to file an amended complaint within 30 days. The trial court reasoned that because May did not pay for the books, the Complaint did not establish actual loss or damages necessary to prove negligence. Rather than file an amended complaint, May appealed to this Court.

Preliminarily, this Court must address whether the trial court's February 8, 2021 order is an appealable order. Generally, only final orders are appealable. *See* Pennsylvania Rule of Appellate Procedure (Rule) 341(a), Pa.R.A.P. 341(a). Pursuant to Rule 341(b)(1), (3), a final order is any order that "disposes of all claims and of all parties[,]" or "is entered as a final order . . . ." Pa.R.A.P. 341(b)(1), (3). This Court has declared that "[a]n order that sustains preliminary objections, but with leave to file an amended complaint, is generally considered to be interlocutory and not a final, appealable decree." *Hionis v. Concord Twp.*, 973 A.2d 1030, 1034 (Pa. Cmwlth. 2009);[5] *see also Mier v. Stewart*, 683 A.2d 930 (Pa. Super. 1996) (order dismissing complaint without prejudice and affording plaintiff 30 days to file an amended complaint was not a final order); *cf. Sklaroff v. Abington Sch. Dist.* (Pa. Cmwlth. No. 2134 C.D. 2016, filed May 23, 2017) (order sustaining preliminary objections and dismissing complaint without prejudice was not a final order); *Horan v. Newingham* (Pa. Cmwlth. No. 2622 C.D. 2015, filed Oct. 24, 2016),

---

persons held by a Commonwealth agency[.]" 42 Pa.C.S. § 8522(b)(3)[.]

*Shore v. Pa. Dep't of Corr.*, 168 A.3d 374, 385 n.6 (Pa. Cmwlth. 2017).

[5] In *Hionis*, the trial court's order sustained preliminary objections and granted the plaintiff an opportunity to amend his complaint. However, the plaintiff wished to pursue an immediate appeal rather than amend his complaint. This Court held that because, *inter alia*, the order permitted the plaintiff an opportunity to amend his complaint and, thus, did not dispose of "all claims[,]" the trial court's order was not a final order. *Id*. at 1035 (quoting Pa.R.A.P. 341(b)(1)).

4

slip op. at 6 ("Both [the Commonwealth] Court and the Superior Court have held that an order sustaining preliminary objections, but granting leave to file an amended complaint, is not a final order for purposes of pursuing an appeal[.]"); *Lichtman v. Hodge* (Pa. Cmwlth. No. 1563 C.D. 2017, filed Sept. 13, 2018) (finding that the trial court's order **was** a final appealable order because although the trial court did not dismiss the complaint with prejudice, the trial court did **not** grant plaintiff leave to amend the complaint); *Schneller v. Prothonotary of Montgomery Cnty.* (Pa. Cmwlth. No. 1316 C.D. 2016, filed Sept. 12, 2017) (disagreeing with the trial court's assertion that its order was not final, and concluding that the trial court's order **was** a final appealable order because, although the order did not specify whether the complaint was dismissed, or dismissed with or without prejudice, the order did **not** grant the plaintiff leave to amend).[6]

Here, the trial court sustained the preliminary objections, dismissed May's Complaint, and granted him 30 days to file an amended complaint. Accordingly, the trial court's order, which dismissed May's Complaint, is interlocutory and not a final appealable order.[7]

For all of the above reasons, May's appeal is quashed.

_____
ANNE E. COVEY, Judge

---

[6] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent. *Lichtman*, *Schneller*, *Sklaroff*, and *Horan* are cited for their persuasive value.

[7] The *Hionis* Court instructed that, in accordance with *Ayre v. Mountaintop Area Joint Sanitary Authority*, 427 A.2d 1294 (Pa. Cmwlth. 1981), "a plaintiff who chooses not to file an amended complaint may appeal by filing a praecipe with the trial court to dismiss the original complaint with prejudice." *Hionis*, 973 A.2d at 1035-36. "By filing a praecipe with the [trial] court to issue a final, appealable order, the litigant can obtain appellate review . . . ." *Id*. at 1036.

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Landon May,                               :
          Appellant          :
                              :
        v.                             :
                              :
Jane Doe, Pennsylvania         :   No. 649 C.D. 2021
Department of Corrections      :

## O R D E R

AND NOW, this 17th day of February, 2022, Appellant Landon May's appeal is quashed.

_____

ANNE E. COVEY, Judge