John K. Graybill and Mabel M. Graybill, husband and wife, Appellants v. Walter Fricke, Zoning Officer for the Township of Scott, Appellee.

Argued June 2, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Franklin Kepner, Jr.,* with him *John A. Mihalik, Hummel, James & Mihalik,* for appellants.

*Michael P. Svegonowicz,* with him *William S. Kreisher,* for appellee.

OPINION BY JUDGE MacPHAIL, July 11, 1980:

Appellants filed a complaint in mandamus in the Columbia County Court of Common Pleas demanding that Walter Fricke (Fricke), Zoning Officer for Scott Township, issue a zoning permit to them because Scott Township failed to hold a hearing on Appellants' request for a curative amendment within 60 days as required by Section 1004(1)(f) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11004(1)(f). Fricke filed preliminary objections including a demurrer which was sustained by the trial court. In his opinion in support of his order sustaining the demurrer, Judge MYERS held that the complaint was deficient because it failed to set forth that Appellants had requested a hearing on their proposed curative amendment. The learned judge also stated that Appellants' complaint "at this point" failed to demonstrate that their case was clear and free from doubt.

The order from which this appeal is taken states as follows:

AND NOW, THIS 4th DAY OF JUNE, 1979, Defendant's demurrer is hereby sustained. Plaintiffs are hereby granted leave to file an amended pleading within twenty (20) days of service of this Order.

No amended pleading has been filed by Appellants.

10

Fricke filed a motion to quash the instant appeal alleging that it was from an interlocutory order. By prior order of the late President Judge BOWMAN, that motion was directed to be argued with the merits of this appeal.

It is quite apparent that the order from which this appeal is taken is interlocutory in nature. It is well established that with very few exceptions, rulings on preliminary objections are normally interlocutory and not appealable unless a legitimate question of jurisdiction is involved. *Northvue Water Co. v. Municipal Water & Sewer Authority of Center Township,* 7 Pa. Commonwealth Ct. 141, 298 A.2d 677 (1972). Appellants argue that they fall within the exception that where the consequences of the sustaining of preliminary objections are that a party is out of court, an appeal will lie. *Catanese v. Scirica,* 437 Pa. 519, 263 A.2d 372 (1970). They argue that the trial court's order and accompanying opinion are determinative of the issues raised in the complaint and "effectively throw the plaintiffs (Appellants) out of court."

We disagree. The deficiencies in the complaint are clearly amendable, if the facts will substantiate the amendments. The trial court correctly ruled that Appellants should have the opportunity to amend, assuming they could do so.

Appellants now argue, in effect, that they cannot successfully amend their complaint to meet Fricke's objections. Their remedy in such circumstances was to permit the 20 days allowed for amendment to lapse and then suffer a dismissal of the complaint whereupon an appeal would lie to this Court. Appellants may not confer jurisdiction on this Court by avoiding that preliminary step.

Our Court of necessity has recently taken a hard line with respect to appeals from interlocutory orders. *See Murhon v. Pennsylvania Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 214, 414 A.2d 161 (1980). Our decision to sustain the within motion to quash conforms to our present policy in such matters.

## ORDER

AND Now, this 11th day of July, 1980, the motion of Walter Fricke to quash the appeal of John K. Graybill and Mabel M. Graybill is sustained.