**Alexander HIONIS, General Partner Trading as The A. Hionis Family Limited Partnership, Appellants**

v.

**CONCORD TOWNSHIP, Delaware County, Pio's Son Realty, LLC, General Partner Trading as J's MVP Realty, L.P., 1100 Baltimore Pike, LLC General Partner, trading as Crossword Center L.P., Brandywine East, LLC General Partner, trading as Brandywine East, L.P.**

Commonwealth Court of Pennsylvania.

Argued Feb. 24, 2009.
Decided May 11, 2009.

---

Stephen P. Lagoy, West Chester, for appellant.

Kathryn Labrum, Media, for appellee, Concord Township.

H. Fintan McHugh, Media, for appellee, Brandywine East, LLC.

BEFORE: PELLEGRINI, Judge, COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Alexander Hionis, General Partner, T/A The A. Hionis Family Limited Partnership (Hionis) appeals an order of the Court of Common Pleas of Delaware County (trial court) sustaining defendants' preliminary objections and granting Hionis twenty days to file an amended complaint. Defendant, Concord Township, has moved to quash Hionis' appeal on the theory that the trial court's order was not a final and appealable order. We agree and quash the appeal.

This controversy initiated with a preliminary land development plan that Hionis submitted to the Township for commercial development of its 5.17–acre property

(Property). The Property fronts on Route 202, but Hionis needs additional access to Applied Card Drive, another public road, in order to complete its intended development. A private road, known as Golden Gate Drive, connects the Property to Applied Card Drive. This road lies on land owned by Pio's Son Realty, LLC, T/A J's MVP Realty, L.P. (MVP Realty).

The Township informed Hionis that MVP Realty had granted the Township an easement to use Golden Gate Drive. This easement was required as a condition to the Township's approval of MVP Realty's land development plan, and it stated as follows:

> Increase width of easement from new loop road to the west property from 25' to 50' and easement to be provided for access and utility easement in favor of Township and easement agreement subject to Township approval.

Amended Complaint ¶ 17. In addition, the Township's Zoning Officer, its Engineer and members of the Board of Supervisors informed Hionis that Golden Gate Drive would provide Hionis the access it needed to develop the Property. In May 2005, Hionis' representatives met with Township officials and requested that the Township accept dedication of Golden Gate Drive; Township officials assured Hionis that they would do so. However, Golden Gate Drive remains a private road.

On September 6, 2005, the Township granted Hionis final land development approval, subject to 10 conditions. Condition 4 provides:

> The proposed road (to be known as "Golden Gate Drive") shall run from the Hionis property to Applied Card Drive crossing the rear of the Crossroads Center and providing access and egress thereto and must be completed to the satisfaction of the Township Engineer

prior to the issuance of any Certificates of Occupancy.

Amended Complaint ¶¶ 24, 25; Exhibit E; Reproduced Record at 73a–74a, 105a. Despite repeated requests from Hionis, the Township has refused either to accept dedication of the 50' wide access and utility easement on which Golden Gate Drive is located or to take any action to compel MVP Realty to offer same for dedication.

On January 23, 2008, Hionis filed a two-count complaint against the Township to compel the dedication of Golden Gate Drive, thereby making it a public road. In response, the Township filed preliminary objections on grounds that the complaint failed to join an indispensable party; failed to state a cause of action; and that, in any case, the Township was statutorily immune from suit. Hionis then filed an amended complaint that was essentially the same as the first complaint except that it added new parties as defendants. Specifically, the amended complaint named the following persons as additional defendants: MVP Realty; 1100 Baltimore Pike, LLC T/A Crossroads Center L.P. (Crossroads Center); and Brandywine East, LLC T/A Brandywine East, L.P. (Brandywine). Each additional defendant owns land adjacent to the Property.

In Count I of its amended complaint, Hionis asserts that the Township is estopped from refusing to accept the dedication of Golden Gate Drive or, in the absence of an offer of dedication, from refusing to take appropriate action against MVP Realty to acquire the access and utility easement. In Count II, Hionis asserts that the Township has violated Hionis' rights under the Pennsylvania Constitution by coercing Hionis into paying MVP Realty a substantial sum of money for the privilege of using Golden Gate Drive. The Township filed preliminary objections to the amended complaint

asserting, *inter alia*, that Hionis failed to state a cause of action and that, in any case, the Township is immune from suit. MVP Realty and Brandywine also filed preliminary objections. Crossroads Center did not respond to the amended complaint.[1]

On August 8, 2008, the trial court sustained the Township's preliminary objections, stating that "[t]his Order is entered without prejudice to [Hionis'] right to file a Second Amended Complaint within twenty (20) days of the date of notice of this Order." On the same date, the trial court entered two other orders sustaining the preliminary objections of MVP Realty and of Brandywine, again giving Hionis the right to file a second amended complaint within 20 days, *i.e.*, by August 28, 2008. On September 10, 2008, Hionis appealed the trial court's order sustaining the Township's preliminary objections. Hionis did not appeal the orders sustaining the preliminary objections of MVP Realty and Brandywine.

In its Pa. R.A.P. 1925(a) opinion, the trial court did not explain the basis of its decision to sustain the Township's preliminary objections. Instead, the trial court addressed procedural deficiencies in Hionis' appeal, explaining that its order was not a final and appealable order because it gave Hionis leave to file another complaint. The trial court further explained that its order would remain unappealable until one of the defendants obtained a judgment of *non pros* against Hionis. Pa. R.A.P. 1925(a) Opinion at 6.

On appeal, Hionis asserts, first, that the trial court's order was a final order. Second, Hionis asserts that the trial court erred in sustaining the Township's preliminary objections because those objections raised facts not appropriately considered in a demurrer.[2] The Township then filed a "motion to strike interlocutory appeal" on the basis that Hionis is attempting to appeal as of right from an interlocutory, non-appealable order.

■ We consider, first, the question of whether the trial court's order is a final order. The Township argues that because the order gave Hionis leave to refile, it is not a final order. In addition, the Township notes that an order is not final unless it dismisses a complaint against all defendants. Here, Crossroads Center remains a party to the action notwithstanding Hionis' praecipe, because a defendant cannot be dismissed except with the consent of the other defendants.[3] The other defendants did not consent to the dismissal of Crossroads Center.

Hionis responds that the trial court's order was final. It explains that it should not be required to amend its complaint further simply because the trial court afforded it that opportunity. Hionis also disagrees with the trial court's view that the order will not become final until the Township enters a *non pros* against Hionis for failing to amend the complaint. Under the trial court's view, a defendant can keep an order in perpetual limbo simply by not pursuing entry of a *non pros*.

---

1. On September 9, 2008, Hionis filed a praecipe to discontinue the action against Crossroads Center.

2. The trial court never issued an opinion stating that the preliminary objection sustained was the Township's demurrer, let alone offer reasons therefor.

3. Rule 229(b)(1) of the Pennsylvania Rules of Civil Procedure provides in relevant part that "a discontinuance may not be entered as to less than all defendants except upon the written consent of all parties or leave of court after notice to all parties." Pa. R.C.P. No. 229(b)(1).

■ We begin with Rule 341(a) of the Pennsylvania Rules of Appellate Procedure. It states that "an appeal may be taken as of right from any final order of an administrative agency or lower court." Pa. R.A.P. 341(a). The purpose of limiting appellate review to final orders is to prevent piecemeal determinations and the consequent protraction of litigation. A final order is defined as follows:

> (b) Definition of final order. A final order is any order that:
>
> (1) disposes of all claims and of all parties; or
>
> (2) is expressly defined as a final order by statute; or
>
> (3) is entered as a final order pursuant to subdivision(c) of this rule.

Pa. R.A.P. 341(b). This definition of "final order" was added in 1992 to provide stricter limits on appeals. The notes explain:

> The 1992 amendment generally eliminates appeals as of right under Rule 341 from orders not ending the litigation as to all claims and as to all parties. Formerly, there was case law that orders not ending the litigation as to all claims and all parties are final orders if such orders have the practical consequence of putting a litigant out of court.

Pa. R.A.P. 341, Note. In short, the "out of court" test has been replaced with the requirement that a final order be one that ends litigation with respect to all claims and all parties.

■ An order that sustains preliminary objections, but with leave to file an amended complaint, is generally considered to be interlocutory and not a final, appealable decree. *Westbury Realty Corp. v. Lancaster Shopping Center, Inc.*, 396 Pa. 383, 386, 152 A.2d 669, 671 (1959); *Graybill v. Fricke*, 53 Pa.Cmwlth. 8, 416 A.2d 626, 627 (1980). However, exceptions to this general rule have been recognized.

In *Westbury Realty*, 396 Pa. at 386, 152 A.2d at 671, for example, the plaintiffs filed a suit in equity against defendants, asserting that defendants' actions had caused flooding on plaintiffs' land. The trial court sustained preliminary objections in the nature of a demurrer but gave the plaintiffs 20 days to file an amended complaint that contained allegations of negligence by defendants. The plaintiffs did not file an amended complaint but, rather, appealed. The Supreme Court allowed the appeal, notwithstanding the fact that the order gave plaintiffs the chance to plead over. *Id.* at 386–387, 152 A.2d at 671. The Supreme Court did so for the reason that the plaintiffs asserted that they could not amend their pleading to comply with the trial court's suggestion. Effectively, then, plaintiffs were out of court on their initial theory of relief.

Another example is *Local No. 163 v. Watkins*, 417 Pa. 120, 207 A.2d 776 (1965). In that case, the lower court granted preliminary objections and gave the plaintiff leave to file a more specific complaint within 20 days. The plaintiff allowed the 20-day amendment period to lapse and appealed, asserting that it could not devise a more specific pleading. Again, our Supreme Court allowed an appeal from the trial court's order reasoning that "in these circumstances, the lower court would have no alternative to entering a judgment against plaintiff." *Id.* at 122, 207 A.2d at 778.

These cases lend support to Hionis' position that the order at issue in this case should be appealable. Although the trial court gave Hionis leave to amend its complaint, it did not explain why and did not specify what Hionis needed to add, if anything. Hionis has already amended its complaint once and does not wish to amend again, because it believes that its

amended complaint successfully states a cause of action.

*Westbury* and *Watkins* were decided under the "out of court" test, which no longer governs the inquiry into whether an order is appealable. Under today's version of what constitutes a final order under Rule 341 of the Pennsylvania Rules of Appellate Procedure, the trial court's order in this case cannot be found to be a final and appealable order.

First, the trial court's order does not dispose of all parties. While the trial court issued orders with respect to the Township, MVP Realty and Brandywine, it did not dispose of the claims against Crossroads Center or dismiss it as a party. Hionis' praecipe to dismiss Crossroads Center was ineffective. Hionis needed the consent of the other defendants to take this action. Until an order "disposes of ... all parties," it is not final. PA. R.A.P. 341(b)(1).

Second, the trial court's order did not dispose of "all claims."[4] *Id.* We recognize that Hionis does not wish to file another amended complaint.[5] However, allowing Hionis to appeal from the trial court's order leaves in doubt the question of when the trial court's order would become appealable. The time to appeal the order could begin to run on the date of the order or only after the time for filing an amended complaint has expired.

■ We hold, therefore, that the order Hionis appealed was not a final order. This does not end the inquiry, however, because there appears to be some uncertainty as to how to obtain a final order. There is precedent to support the trial court's proposition that its order could not become final until a procedural step is taken, such as receiving a judgment of *non pros*.[6] However, a judgment of *non pros* is not the exclusive method for making the order final. As noted by Hionis, were this true, a plaintiff's ability to appeal would become a matter of the defendant's grace.

Precedent from this Court points the way for Hionis to resolve this dilemma. In *Ayre v. Mountaintop Area Joint Sanitary Authority*, 58 Pa.Cmwlth. 510, 427 A.2d 1294 (1981), this Court explained that a plaintiff who chooses not to file an amended complaint may appeal by filing a prae-

4. The Pennsylvania Superior Court, in *Mier v. Stewart*, 453 Pa.Super. 314, 683 A.2d 930 (1996), considered this issue and held that an order dismissing a complaint without prejudice and giving plaintiff 30 days to file a more specific amended complaint is not a final order under Rule 341. Despite the fact that Mier did not file an amended complaint and allowed the 30–day period to expire before appealing, the Superior Court quashed his appeal, stating that "[f]or finality to occur, the trial court must dismiss with prejudice." *Id.* at 930.

5. The trial court did not explain the basis for its sustaining of the preliminary objections, so it cannot be said, as was the case in *Westbury*, that Hionis cannot amend its complaint.

6. *See Golumbeski v. Zabowski*, 68 Pa.Cmwlth. 268, 449 A.2d 84 (1982) (matter sustaining a motion for more specific pleading and a demurrer was heard on appeal after 30–day period in which to amend the complaint lapsed and the court entered a judgment of *non pros*); *Chamberlain v. Altoona Hospital*, 389 Pa.Super. 600, 567 A.2d 1067 (1989) (where plaintiff, who was given 20 days to file a more specific complaint, filed an amended complaint 27 days later, the amended complaint was not automatically rejected because the defendant had not properly received a judgment of *non pros* prior to the filing of the amended complaint); *Malone v. Smith*, 18 Pa. D. & C.3d 682 (1981) (where the plaintiff was given 20 days to file an amended complaint but filed it on day 25, the trial court refused to strike the amended complaint because the defendant had not requested judgment of *non pros* or summary judgment before the amended complaint was filed and defendant did not allege he was prejudiced by the late filing).

cipe with the trial court to dismiss the original complaint with prejudice. In this way, the plaintiff can convert an interlocutory order into a final and appealable order. There are sound reasons for requiring this intermediary step, as has been explained:

> It should be noted that an order sustaining preliminary objections often grants the plaintiff leave to amend within a time certain or suffer dismissal. Such an order is interlocutory and never will become appealable, because it is a mere direction that an order be entered at some time in the future, unaccompanied by actual entry of the specified order in the docket. *In order to appeal such an order, the plaintiff must allow the period for amendment specified in the lower court's order to expire, and then praecipe the lower court clerk to enter an order dismissing the complaint.*

20 G. Ronald Darlington, et al., Pennsylvania Appellate Practice § 301:19 (2008–2009) (emphasis added).

 The *Ayre* method is logical. An amended complaint has the effect of eliminating the prior complaint. *Freeze v. Donegal Mutual Insurance Company*, 504 Pa. 218, 221 n. 5, 470 A.2d 958, 960 n. 5 (1983).[7] Accordingly, a plaintiff who amends his complaint loses the ability to pursue his initial legal theory or to obtain appellate review of the trial court's dismissal of the pre-amended complaint. For example, a complaint may assert a tort claim, and the trial court may strike the complaint with leave to file an amended complaint that sounds in assumpsit. The plaintiff may believe the trial court has erred and wish to pursue a tort claim exclusively. The *Ayre* approach resolves this dilemma. By filing a praecipe with the court to issue a final, appealable order,

the litigant can obtain appellate review of his theory that his complaint stated a valid tort claim.

Based on the foregoing, we grant Concord Township's motion to quash the interlocutory appeal. Hionis must take steps to have the trial court enter a "final order" before it can appeal to this Court.

### *ORDER*

AND NOW, this 11th day of May, 2009, the appeal in the above captioned matter is hereby QUASHED.

---

**7.** *See also* Pa. R.C.P. No. 1028(c)(1), which provides that preliminary objections to the original pleading are deemed moot if an amended pleading is filed.