IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gnana Chinniah a/k/a          :
Gnanachandra Chinniah,        :
           Appellant          :
                                                      :
           v.          :
                                                      :
Nayra Forrester, Cumberland County  :
Housing and Redevelopment Authority, :  No. 176 C.D. 2019
Steven Young and Becky Shull        :  Submitted: January 10, 2020

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                FILED: March 9, 2020

Gnana Chinniah a/k/a Gnanachandra Chinniah (Appellant) appeals from an order of the Court of Common Pleas of Cumberland County (trial court) dated January 23, 2019, granting the preliminary objections of the Cumberland County Housing and Redevelopment Authority (Housing Authority), Steven Young, and Becky Shull (collectively, the Housing Authority Appellees) and dismissing them from the complaint filed by Appellant. For the reasons set forth below, we quash Appellant's appeal.

Appellee Nayra Forrester entered into a residential lease agreement with Appellant and, at the same time, Appellant "also entered into a Housing Assistance Payment (HAP) contract with [the Housing Authority, which is qualified to receive federal funding from the Department of Housing and Urban Development (HUD)], whereby [the Housing Authority] agreed to provide rent assistance

payments on behalf of [Nayra Forrester]." Original Record (O.R.), Item # 31, pp. 1-2 (footnote omitted).[1]

The trial court summarized the events preceding this litigation as follows:

> In January of 2018, [Nayra Forrester] complained to [Appellant] of a ruptured water pipe in the basement. Subsequently, [the Housing Authority] sent its inspector, [Steven Young], to the property on January 23, 2018, to verify the pipe had been repaired. During the inspection [Steven] Young observed a cockroach infestation at the Property. That same date, he notified [Appellant] by email of the infestation and demanded that [Appellant] exterminate the Property and [the] adjoining unit. [The Housing Authority] continued making its portion of the rent for the months of February and March.
>
> Despite having notice of the infestation and demand to cure, [Appellant] failed to take corrective action against the infestation, and on April 2, 2018, [Appellant] was notified by [Becky] Shull, also an employee of the [Housing Authority], that the HAP contract would be terminated on April 30, 2018 if [Appellant] did not remedy the infestation. [Appellant] again did not take corrective action, and the HAP contract was terminated on April 30, 2018.

O.R., Item #31, p. 2 (footnote omitted).

Appellant, in his amended complaint, sought an order evicting Nayra Forrester from the rental property and "an amount in excess of $50,000" against: Nayra Forrester for breaching the lease agreement; the Housing Authority for

---

[1] Appellant failed to file a Reproduced Record that complies with the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2173, which provides, in relevant part, that "the pages of … the reproduced record … shall be numbered separately in Arabic figures … thus 1, 2, 3, etc., followed in the reproduced record by a small a, thus 1a, 2a, 3a, etc." Accordingly, our citations are to the item numbers in the trial court's original record.

engaging in a course of fraudulent conduct; Steven Young for fabricating the alleged roach infestation; the Housing Authority Appellees for using the contrived roach infestation to frustrate him so that he would waive his right to do business with HUD; and the Housing Authority Appellees and Nayra Forrester for defaming him and characterizing him as a landlord who does not take care of his properties. O.R., Item #10, pp. 4-6.

On September 4, 2018, the Housing Authority Appellees filed preliminary objections to the amended complaint. O.R., Item #11. By order dated January 23, 2019, the trial court granted the preliminary objections and dismissed the Housing Authority Appellees from the complaint, leaving Appellant's former tenant, Nayra Forrester, as the only remaining defendant. O.R., Item # 24, pp. 1-2. In dismissing Steven Young and Becky Shull, the trial court reasoned that they are not parties to the contract between Appellant and the other defendants, nor is there any allegation that they acted under color of state law to deprive Appellant of his constitutional rights. O.R., Item # 31, p. 3. As to the Housing Authority itself, the trial court reasoned that, accepting the well-pled material facts of the complaint as true, there was no breach of the contract between the Housing Authority and Appellant. O.R., Item # 31, p. 4. Appellant's appeal to this Court followed.[2] O.R., Item #30.

On appeal, Appellant argues:

> [due to his] "past and ongoing federal litigation, and the openly discriminatory climate in East Pennsboro Township Cumberland County, he was retaliated against, and treated differently than others, [and] the roach

___

[2] Our scope of review of an order of a trial court sustaining preliminary objections is limited to determining whether the trial court abused its discretion or committed an error of law. *Rok v. Flaherty*, 527 A.2d 211, 212 (Pa. Cmwlth. 1986).

infestation issue was manufactured as part of it, and that was done through unlawful intrusion. At the same time [the Housing Authority] did not pay its portion of the rent, which is an obligation it has co-extensive with [Nayra Forrester], causing a breach of their agreement."

Appellant's Brief, pp. 5-6. Appellant further requests that this Court direct the trial court judge to recuse himself due to his bias and to avoid a miscarriage of justice. Appellant's Brief, p. 8.

In response, the Housing Authority Appellees argue that this appeal should be quashed because the January 23, 2019 order is not a final order as required by Pa.R.A.P. 341, because it did not dispose of all claims and all parties, nor was it entered as a final order by the trial court. Housing Authority's Brief, pp. 8-9. Appellant, however, contends that the trial court's order "put [him] out of court on all claims" against the Housing Authority Appellees. Appellant's Reply Brief, p. 1.

In support of their position, the Housing Authority Appellees cite to Pa.R.A.P. 341, which provides, in relevant part:

> **(a)** General Rule.—Except as prescribed in paragraphs (d) and (e) of this rule, *an appeal may be taken as of right from any <u>final order</u> of a government unit or trial court*.
>
> **(b)** Definition of Final Order.—A final order is any order that:
>     (1) *disposes of all claims and of all parties*; or
>     (2) RESCINDED
>     (3) *is entered as a final order pursuant to paragraph (c) of this rule*.
>
> **(c) Determination of finality**.—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other

4

> government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

(Emphasis added.) "The purpose of limiting appellate review to final orders is to prevent piecemeal determinations and the [] protraction of litigation." *Hionis v. Concord Twp.*, 973 A.2d 1030, 1034 (Pa. Cmwlth. 2009).

Appellant's argument that the trial court's order is final because it "effectively" put him out of court is misplaced. To be a final order, the order must dispose of all claims and of all parties or must be entered as a final order. Pa.R.A.P. 341(b). This has been the case since the 1992 amendment to Pa.R.A.P. 341 when "the 'out of court' test [was] replaced with the requirement that a final order be one that ends litigation with respect to all claims and all parties." *Hionis*, 973 A.2d at 1034; *see also* Pa.R.A.P. 341, Note (stating, "[t]he 1992 amendment generally eliminates appeals as of right under Pa.R.A.P. 341 from orders not ending the litigation as to all claims and as to all parties").

Upon review, it is apparent that the trial court's order is not a final and appealable order. First, the January 23, 2019 order did not dispose of all claims and of all parties as required by Pa.R.A.P. 341(b)(1). The Housing Authority Appellees were dismissed, but Nayra Forrester remains as a defendant and was directed by the trial court to file an answer to the amended complaint within 20 days. *See* trial court's January 23, 2019 Order, O.R., Item # 24, pp. 1-2. Second, the trial court did not expressly determine that an immediate appeal would facilitate resolution of this case and thus did not enter the order as final pursuant to Pa.R.A.P. 341(c).

5

Accordingly, the trial court's January 23, 2019 order was not a final and appealable order, and Appellant's appeal is hereby quashed.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gnana Chinniah a/k/a       :
Gnanachandra Chinniah,     :
          Appellant      :
                                :
          v.              :
                                  :
Nayra Forrester, Cumberland County :
Housing and Redevelopment Authority, :   No. 176 C.D. 2019
Steven Young and Becky Shull     :

**PER CURIAM**               O R D E R

        AND NOW, this 9th day of March, 2020, the appeal in the above captioned mater is quashed for the reasons set forth in the foregoing opinion.