J-A13007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KIRSIS DELA-CRUZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OMAR CABAN AND JOVAN ROLON | : | No. 389 EDA 2021 |

Appeal from the Order Entered January 15, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 190700365

BEFORE:  OLSON, J., DUBOW, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 19, 2022**

Appellant, Kirsis Dela-Cruz, appeals from the order entered on January 15, 2021, which granted the motion for judgment on the pleadings filed by Omar Caban and Jovan Rolon (hereinafter, collectively, "the Defendants"). We vacate and remand.

On July 2, 2019, Appellant filed a complaint against the Defendants, which sounded in negligence.  Appellant averred that, on July 14, 2017, defendant Omar Caban (hereinafter "Defendant Caban") was operating a Honda Ridgeline automobile, which was owned by defendant Jovan Rolon (hereinafter "Defendant Rolon").  Appellant's complaint declared:

> 7. On or about July 14, 2017, at approximately 8:30 p.m., [Appellant] was operating a vehicle which at or near the intersection of Lehigh and Aramingo Avenues, Philadelphia, [Pennsylvania], was struck by the above described Honda Ridgeline, causing [Appellant] injuries and damages the details of which are set forth hereinafter.

8. The carelessness, negligence and recklessness of the [D]efendants consisted of any or all of the following:

(a) Failing to have the aforementioned vehicle under proper and adequate control;

(b) Operating said motor vehicle without keeping a proper lookout for persons, objects, and road and traffic conditions;

(c) Failing to maintain a safe, proper and adequate speed under the circumstances;

(d) Operating said motor vehicle without due regard for rights, safety and position of [Appellant] herein, at the point aforesaid;

(e) Going through a red light;

(f) Failing to obey a traffic control device;

(g) Being otherwise careless and negligent under the circumstances;

(h) Failing to comply with various ordinances of the City of Philadelphia and statutes of the Commonwealth of Pennsylvania pertaining to the operation of motor vehicles upon public highways; and

(i) Any and all other acts of negligence, carelessness or recklessness which may be otherwise proven at the time of trial.

9. As a direct and proximate result of the negligence, carelessness and/or recklessness of [the Defendants, Appellant] has sustained severe and painful injuries including but not limited to:  Protruding disks at L4-5 and L5-S1, knee sprain, lumbosacral and cervical strain and sprain.  She has suffered other serious orthopedic, neurological and soft tissue injuries, the full extent of which have not yet been ascertained.

10. As a further direct and proximate result of the negligence, carelessness, and/or recklessness of [the Defendants, Appellant] has been and may be in the future required to receive and undergo medical treatment and care and have expended and may continue to expend in the future, various and diverse sums of money for the aforementioned treatment, all of which is to [Appellant's] great financial detriment and loss.

11. As a further direct and proximate result of the negligence, carelessness, and/or recklessness of [the Defendants, Appellant] has been unable to attend to her usual and daily activities, occupation and labors and may have sustained a loss in earnings and/or impairment of her earning capacity or power.

12. As a result of the aforesaid accident, [Appellant] has suffered property damage to her vehicle.

WHEREFORE, [Appellant] demands judgment against [the Defendants], jointly and/or severally for punitive damages in an amount not in excess of [$50,000.00], plus interest, attorneys' fees and costs of suit.

Appellant's Complaint, 7/2/19, at ¶¶ 7-12 (emphasis omitted).

The Defendants filed preliminary objections to Appellant's complaint. Among other things, the Defendants requested that the trial court strike Appellant's complaint for insufficient specificity. According to the Defendants: "[Appellant's] complaint omits any specific allegations regarding material facts such as which road the accident occurred on, where the parties' vehicles were positioned before and at the time of impact, in which direction the respective vehicles were traveling, or even in what manner the accident occurred." The Defendants' Preliminary Objections, 8/15/19, at ¶ 5.

Appellant did not file a response to the Defendants' preliminary objections[1] and, on September 10, 2019, the trial court entered an order striking Appellant's complaint, in its entirety and without prejudice,[2] "for insufficient specificity of [the] Defendants' alleged negligence as to the happening of the alleged accident." Trial Court Order, 9/10/19, at 1.

On December 2, 2019, Appellant filed a motion for reconsideration and requested that the trial court vacate its prior order and overrule the Defendants' preliminary objections; in the alternative, Appellant requested that the trial court grant her leave to amend her complaint. **See** Appellant's

_____

[1] As our Supreme Court has held, Appellant was not required to file a response to the Defendants' preliminary objections. **See Uniontown Newspapers, Inc. v. Roberts**, 839 A.2d 185, 190 (Pa. 2003). ("[t]here is no requirement in the Rules of Civil Procedure that the non-moving party respond to a preliminary objection, nor must that party defend claims asserted in the complaint. Failure to respond does not sustain the moving party's objections by default, nor does it waive or abandon the claim"); **see also** Pa.R.C.P. 1017(a)(4) Note ("[a]n answer needs to be filed to a preliminary objection only when the preliminary objection alleges facts not of record").

[2] The language of the trial court's order was silent as to whether the striking of the complaint was done with or without prejudice. However, as the trial court explained, the context of the order clearly informed the parties that the complaint was stricken without prejudice. **See** Trial Court Opinion, 9/2/20, at 4 (explaining: "Appellant's complaint was stricken in its entirety **without prejudice** on September 9, 2019. All Appellant needed to do was file a new complaint, since her complaint was stricken without prejudice") (emphasis in original). Certainly, the trial court struck the complaint because, it believed, Appellant failed to plead the facts with sufficient specificity. Absent any language in the order to the contrary, it is obvious that Appellant was implicitly granted leave to amend so that she could plead the facts with greater specificity.

Motion for Reconsideration, 12/2/19, at 1. The trial court denied Appellant's motion on December 4, 2019. Trial Court Order, 12/4/19, at 1.

On December 16, 2019, Appellant filed a motion for leave to amend her complaint so that she could "include more specific allegations of the negligent acts ascribed to [the Defendants]." Appellant's Motion for Leave to Amend, 12/16/19, at 1. The Defendants answered Appellant's motion and argued that Appellant's motion was "improper because [Appellant's] complaint has been stricken by the court and, therefore, there is no active . . . complaint pending before the court" that could be amended. The Defendants' Answer, 1/6/20, at 2.

The trial court denied Appellant's motion for leave to amend on January 17, 2020 and, on January 28, 2020, Appellant filed a notice of appeal from the trial court's January 17, 2020 order. On September 1, 2020, however, this Court entered a *per curiam* order that *sua sponte* quashed Appellant's appeal and declared: "[t]he January 17, 2020 order is not a final appealable order." Order, 9/1/20, at 1.

On December 3, 2020, the Defendants filed a motion for judgment on the pleadings.[3] Within the motion, the Defendants argued:

---

[3] A motion for judgment on the pleadings may only be filed "[a]fter the relevant pleadings are closed." Pa.R.C.P. 1034(a). Here, the relevant pleadings were not closed at the time the Defendants filed their motion. Indeed, since Appellant's complaint had been stricken in its entirety and Appellant did not file an amended complaint, there was simply no extant
*(Footnote Continued Next Page)*

complaint in this case. Nevertheless, Appellant does not claim error regarding this procedural irregularity.

We note that, in **Hionis v. Concord Township**, 973 A.2d 1030 (Pa. Cmwlth. 2009), the Commonwealth Court explained the proper procedure for obtaining a final order, where the trial court either dismisses or strikes a complaint without prejudice and where the plaintiff either does not wish to or does not timely comply with the trial court's order to amend the complaint. As the Commonwealth Court explained:

> [Precedent declares that an order striking or dismissing a complaint without prejudice cannot] become final until a procedural step is taken, such as receiving a judgment of *non pros*. However, a judgment of *non pros* is not the exclusive method for making the order final. . . . [W]ere this true, a plaintiff's ability to appeal would become a matter of the defendant's grace.
>
> . . .
>
> In **Ayre v. Mountaintop Area Joint Sanitary Authority**, 427 A.2d 1294 (Pa. Cmwlth. 1981), [the Commonwealth] Court explained that a plaintiff who chooses not to file an amended complaint may appeal by filing a *praecipe* with the trial court to dismiss the original complaint with prejudice. In this way, the plaintiff can convert an interlocutory order into a final and appealable order. There are sound reasons for requiring this intermediary step, as has been explained:
>
>> It should be noted that an order sustaining preliminary objections often grants the plaintiff leave to amend within a time certain or suffer dismissal. Such an order is interlocutory and never will become appealable, because it is a mere direction that an order be entered at some time in the future, unaccompanied by actual entry of the specified order in the docket. In order to appeal such an order, the plaintiff must allow the period for amendment specified in the lower court's order to expire, and then *praecipe* the lower court clerk to enter an order dismissing the complaint.

*(Footnote Continued Next Page)*

[Appellant] was required by [Pennsylvania Rule of Civil Procedure] 1028(e) to file an amended complaint within [20] days of the [trial] court's September 9, 2019 order sustaining [the] Defendants' preliminary objections and striking the complaint. [Appellant] failed to file an amended complaint and failed to timely file a motion for reconsideration of the [trial] court's September 9, 2019 order striking the complaint. Now, there is no complaint to establish any genuine issue of material fact or upon which this case can proceed to hearing or trial. Accordingly, by virtue of the absence of any complaint, [the] Defendants are entitled to judgment on the pleadings because there are no facts, let alone any material facts, upon which there is any dispute or any basis for this case to proceed.

The Defendants' Motion, 12/3/20, at ¶¶ 19-22 (citations, paragraphing, and some capitalization omitted).

The Defendants requested that the trial court grant their motion and dismiss Appellant's action with prejudice. *See id.* at 4.

Appellant filed an answer and requested that the trial court deny the Defendants' motion because "the [Defendants'] preliminary objections . . . should never have been granted in the first place [and Appellant's] motion for reconsideration should have been granted in order to allow the cause of action to proceed on the merits." Appellant's Answer, 12/22/20, at ¶ 27.

---

20 G. RONALD DARLINGTON, ET AL., PENNSYLVANIA APPELLATE PRACTICE § 301:19 (2008–2009).

*Hionis v. Concord Twp.*, 973 A.2d 1030 (Pa. Cmwlth. 2009) (emphasis and footnotes omitted); *see also Branton v. Nicholas Meat, LLC*, 159 A.3d 540, 554 (Pa. Super. 2017) ("[a]lthough a decision of the Commonwealth Court is not binding upon this Court, it can be considered as persuasive authority") (quotation marks and citations omitted).

On January 15, 2021, the trial court granted the Defendants' motion and dismissed Appellant's action. On January 27, 2021, Appellant filed a notice of appeal to this Court. She numbers three claims on appeal:

> [1.] Did the [] trial court err in sustaining [the Defendants'] unanswered preliminary objections to [Appellant's] complaint, including dismissing the entire complaint, when [the Defendants'] preliminary objections were clearly invalid on their face?
>
> [2.] Did the [] trial court err in denying [Appellant's] motion [asking the court to reconsider its order of September 10, 2019 which sustained the Defendants' preliminary objections and struck Appellant's complaint where] the preliminary objections were clearly invalid on their face and despite the fact that the previous order denied [Appellant] her day in court without reasonable basis?
>
> [3.] Did the [] trial court err in granting [the Defendants'] motion for judgment on the pleadings when that motion was based on an improper dismissal of [Appellant's] complaint by the [] trial court?

Appellant's Brief at 4.[4]

_____

[4] The trial court ordered Appellant to file a concise statement of errors complained of on appeal, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b). Appellant filed her Rule 1925(b) statement and declared:

> Because the granting of the preliminary objections, by striking the entire complaint, was . . . improperly granted, and because that was believed to be the basis for the granting of the motion for judgment on the pleadings, it is the position of [Appellant] that judgment on the pleadings should not have been granted and that the case should have been permitted to proceed forward on the merits.

Appellant's Rule 1925(b) Statement, 3/23/21, at 3.

In essence, Appellant claims that the trial court erred when it entered its September 10, 2019 order, which sustained the Defendants' preliminary objections and struck Appellant's complaint, in its entirety and without prejudice, "for insufficient specificity of [the] Defendants' alleged negligence as to the happening of the alleged accident." **See** Trial Court Order, 9/10/19, at 1. Although the September 10, 2019 order was interlocutory when entered, a final order has now been entered in this case.[5] As such, we have jurisdiction to review the propriety of the trial court's September 10, 2019 order. **See Quinn v. Bupp**, 955 A.2d 1014, 1020 (Pa. Super. 2008) ("a notice of appeal filed from the entry of the final order in an action draws into question the propriety of any prior non-final orders . . . [and i]nterlocutory orders that are not subject to immediate appeal as of right may be reviewed in a subsequent timely appeal of a final appealable order or judgment. Accordingly, interlocutory orders . . . become reviewable on appeal upon the trial court's entry of a final order") (quotation marks and citations omitted).

As noted above, the trial court sustained the Defendants' preliminary objections and ordered that Appellant's complaint be stricken, in its entirety,

_____

[5] As explained above, Appellant sought leave to amend her complaint and, on January 17, 2020, the trial court denied Appellant leave to amend. Appellant filed an immediate appeal from the trial court's January 17, 2020 order and, on September 1, 2020, this Court *sua sponte* quashed Appellant's appeal, reasoning that "[t]he January 17, 2020 order is not a final appealable order." Order, 9/1/20, at 1. This Court's September 1, 2020 order is the law of the case and stands for the proposition that the trial court's January 17, 2020 order was interlocutory in nature. Therefore, the trial court's January 15, 2021 order constitutes the final order in this case.

"for insufficient specificity of [the] Defendants' alleged negligence as to the happening of the alleged accident." *See* Trial Court Order, 9/10/19, at 1. Appellant claims that the trial court's order was erroneous and argues that her complaint was "clearly sufficient to advise [the Defendants] and their attorney of the facts necessary to answer and defend this lawsuit." Appellant's Brief at 17. We agree.

Our Supreme Court has explained:

> Pennsylvania is a fact-pleading jurisdiction; as such, a complaint must provide notice of the nature of the plaintiff's claims and also summarize the facts upon which the claims are based. Rule of Civil Procedure 1019(a) and (b) encapsulate this theory. Rule 1019(a) provides that in pleadings, "the material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R.C.P. 1019(a). Rule 1019(b) requires that "averments of fraud or mistake shall be averred with particularity. Malice, intent, knowledge, and other conditions of mind may be averred generally." Pa.R.C.P. 1019(b). The purpose of these rules is to require the pleader to disclose material facts sufficient to notify the adverse party of the claims it will have to defend against.
>
> While our rules require the pleading of all material facts upon which claims are based, there is no requirement to plead the evidence upon which the pleader will rely to establish those facts. ***Unified Sportsmen of Pa. v. Pa. Game Comm'n***, 950 A.2d 1120, 1134 (Pa. Commw. 2008) (holding that to be sufficiently specific, "the complaint need not cite evidence but only those facts necessary for the defendant to prepare a defense"). We have long recognized that the line between pleading facts and evidence is not always bright, but distilled the specificity requirement into two conditions that must always be met: the pleadings must adequately explain the nature of the claim to the opposing party so as to permit him to prepare a defense and they must be sufficient to convince the court that the averments are not merely subterfuge. To

- 10 -

assess whether a claim has been pled with the requisite specificity, the allegations must be viewed in the context of the pleading as a whole.

***Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC***, 194 A.3d 1010, 1029-1030 (Pa. 2018) (brackets and some quotation marks and citations omitted).

Read fairly and viewed in the context of the pleading as a whole, Appellant's complaint alleges and avers the following:  on July 14, 2017, at approximately 8:30 p.m., the Defendants were driving a Honda Ridgeline, which was owned by Defendant Rolon; the Defendants negligently operated their vehicle by, among other things, "[g]oing through a red light"; as a result of this negligence, the Defendants' vehicle struck Appellant's vehicle "at or near the intersection of Lehigh and Aramingo Avenues" in Philadelphia; and, as a result of this accident, Appellant suffered multiple, specific physical, mental, and economic injuries.  ***See*** Appellant's Complaint, 7/2/19, at ¶¶ 4-12.

To paraphrase our Supreme Court, in the case at bar:  "[Appellant's] complaint meets the specificity requirements of Rule 1019.  Read as a whole, the [] complaint adequately details the nature of the claims so as to permit the [Defendants] to prepare a defense and satisfies this Court that the claims are not baseless subterfuge." ***Golden Gate Nat'l Senior Care LLC***, 194 A.3d at 1030.  In following, the trial court erred when it struck Appellant's complaint based upon the insufficiency of the pleading.  We thus vacate the trial court's

January 15, 2021 and September 10, 2019 orders and remand this case for further proceedings.

Orders vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2022