IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abdus Shahid                          :
                    Appellant         :
                                      :
        v.                            : No. 839 C.D. 2024
                                      : Submitted: May 6, 2025
Thomas N. Micozzie and John Gould     :


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                      FILED:  June 16, 2025


Abdus Shahid (Shahid) appeals the order dated April 5, 2024, by the Court of Common Pleas of Delaware County (Common Pleas), that sustained the preliminary objections of Thomas N. Micozzie, the Borough Manager for the Borough of Clifton Heights, Delaware County (Clifton Heights), and John Gould, the Code Officer for Clifton Heights (collectively, the Officials), dismissed Shahid's complaint without prejudice, and granted leave to file an amended complaint.  After careful review, we quash this appeal.

## BACKGROUND

Shahid filed a complaint against the Officials on November 27, 2023.  Shahid alleged that he owns an apartment building in Clifton Heights, and that an incident occurred from July 1, 2023, through November 18, 2023, during which the Officials "used Borough Police to . . . occupy" his building because of his race and national origin in violation of his civil rights.  Reproduced Record at 3.  Shahid sought a $10 million judgment against the Officials and a $7 million judgment against the Clifton

Heights Police Department, although only the Officials were listed as defendants on the complaint.

On January 29, 2024, Shahid filed a motion for default judgment, alleging the Officials did not respond to his complaint. The Officials filed a response on January 31, 2024, asserting Shahid did not provide the 10-day notice required to enter default judgment under the Pennsylvania Rules of Civil Procedure. In addition, the Officials filed preliminary objections and a motion to strike and dismiss Shahid's complaint on February 1, 2024. The Officials argued that the allegations in Shahid's complaint were insufficient to state a claim, and that the lawsuit was frivolous. They contended Shahid had brought previous lawsuits alleging discrimination by Clifton Heights and affiliated individuals and should be prohibited from filing further lawsuits involving the same or related claims. Shahid filed a response regarding the motion for default judgment on February 14, 2024, asserting he provided the 10-day notice as required. Shahid did not file a response to the preliminary objections.

By orders dated April 5, 2024, Common Pleas denied the motion for default judgment noting the motion was moot in light of the Officials' responsive pleading, sustained the preliminary objections, and dismissed the complaint without prejudice. Common Pleas permitted Shahid "to file an Amended Complaint within twenty (20) days of the date of notice of this order." Order, 4/5/24. Shahid timely appealed from the order dismissing his complaint. Common Pleas issued an opinion explaining the complaint was legally and factually insufficient because it contained "nothing more than repetitive sweeping generalizations that he has been discriminated against with respect to his rental property based on his race and national origin." Common Pleas Op., 5/16/24, at 3.[1] Common Pleas explained Shahid had brought previous lawsuits

---

[1] We have assigned page numbers to Common Pleas' opinion for ease of reference.

alleging discrimination by Clifton Heights and affiliated individuals. Additionally, it quoted an explanation by the District Court for the Eastern District of Pennsylvania that Shahid's status as a member of one or more protected classes and his belief that he was discriminated against were insufficient by themselves to state a claim. *Id.* at 5 (citing *Shahid v. Borough of Clifton Heights*, No. 16-CV-1006 (E.D. Pa., filed July 7, 2016), slip op. at 4).

Shahid's brief on appeal generally repeats, while providing additional details, his allegation that the Officials seized his apartment building because of his race and national origin and violated his civil rights. Shahid maintains that his complaint was specific enough to survive the Officials' preliminary objections, that he has brought no previous lawsuits specifically involving these Officials and this alleged incident, and that Common Pleas should have granted his motion for default judgment.

## DISCUSSION

Before reaching the merits of Shahid's appeal, we consider whether Common Pleas' April 5, 2024 order is final and appealable. This Court may hear appeals from only final orders, unless a statute or rule directs otherwise. *Mahoning Twp. v. Zoning Hearing Bd.*, 320 A.3d 861, 867 (Pa. Cmwlth. 2024). In relevant part, a final order "disposes of all claims and of all parties." Rule 341(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 341(b)(1). This Court has explained that an order sustaining preliminary objections with leave to amend is generally interlocutory and unappealable. *Hionis v. Concord Twp.*, 973 A.2d 1030, 1034 (Pa. Cmwlth. 2009).

Common Pleas sustained the Officials' preliminary objections and dismissed Shahid's complaint without prejudice. Common Pleas also expressly granted Shahid 20 days to file an amended complaint. This indicates Common Pleas' order did not dispose of all claims and all parties. Because the April 5, 2024 order is interlocutory,

3

we must quash Shahid's appeal. *See May v. Doe*, 269 A.3d 1286, 1289 (Pa. Cmwlth. 2022) (quashing an appeal where the lower court dismissed a complaint and granted leave to amend).[2]

It is important to emphasize that quashing this appeal will not prevent Shahid from obtaining appellate review of Common Pleas' decision. In *Hionis*, this Court quashed an appeal from an order that sustained preliminary objections and dismissed without prejudice to the appellant's right to file a second amended complaint, while explaining how the appellant could obtain an appealable final order from the lower court. 973 A.2d at 1036. The Court reasoned, citing *Ayre v. Mountaintop Area Joint Sanitary Authority*, 427 A.2d 1294 (Pa. Cmwlth. 1981), "that a plaintiff who chooses not to file an amended complaint may appeal by filing a praecipe with the trial court to dismiss the original complaint with prejudice." *Hionis*, 973 A.2d at 1035-36.

## CONCLUSION

Common Pleas' April 5, 2024 order, which sustains the Officials' preliminary objections, dismisses Shahid's complaint without prejudice, and grants Shahid leave to amend, is interlocutory and unappealable. Accordingly, we must quash Shahid's appeal. Consistent with *Hionis*, Shahid may praecipe Common Pleas to issue a final

---

[2] Although we rely on *May* for our disposition, we note that case cites persuasive authority that indicates or arguably indicates we may review an order dismissing a complaint if the lower court does not expressly grant leave to amend. *See Schneller v. Prothonotary of Montgomery County* (Pa. Cmwlth., No. 1316 C.D. 2016, filed Sept. 12, 2017); *Lichtman v. Hodge* (Pa. Cmwlth., No. 1563 C.D. 2017, filed Sept. 13, 2018). This authority appears to rely on cases predating *Hionis* and the language of Pa.R.A.P. 341(b)(1). The Court reasoned in *Schneller*, slip op. at 5 n.4, for example, that an order was final where it "had the practical effect of putting Schneller out of court." In *Hionis*, the Court explained an amendment in 1992 added the current definition of "final order" to the Rules of Appellate Procedure and replaced the "'out of court test' . . . with the requirement that a final order be one that ends litigation with respect to all claims and all parties." 973 A.2d at 1034.

4

order dismissing his complaint with prejudice, at which time he may file a new notice of appeal and obtain appellate review of his claims.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abdus Shahid                       :
                Appellant   :
                       :
          v.             : No. 839 C.D. 2024
                       :
Thomas N. Micozzie and John Gould   :

**PER CURIAM**               **O R D E R**

    **AND NOW**, this 16th day of June 2025, the appeal of Abdus Shahid from the order of the Court of Common Pleas of Delaware County, dated April 5, 2024, is **QUASHED**.