IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dr. Jeffrey Chijioke-Uche, : 
                Appellant : 
                 : 
          v. :   No. 999 C.D. 2024
                 :   Submitted: July 7, 2025
Cobblestone Estates Community : 
Association, Inc. : 

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE MATTHEW S. WOLF, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER       FILED: August 13, 2025

     Dr. Jeffrey Chijioke-Uche, pro se, appeals the June 21, 2024 Order of the Court of Common Pleas of Bucks County (trial court), which sustained the preliminary objections of Cobblestone Estates Community Association, Inc. (Cobblestone) and dismissed Chijioke-Uche's Complaint without prejudice. Also before the Court is Cobblestone's Motion to Quash Appeal Pursuant to Pennsylvania Rule of Appellate Procedure 1972(a)(3), Pa.R.A.P. 1972(a)(3) (Motion to Quash), wherein Cobblestone requests that the Court quash Chijioke-Uche's appeal for lack of jurisdiction because the Order is not a final, appealable order. After review, the Court grants the Motion to Quash and quashes Chijioke-Uche's appeal for lack of jurisdiction because the Order is not a final, appealable order or an interlocutory order appealable as of right.

## I. BACKGROUND

Chijioke-Uche owns and resides at a home in a community managed by Cobblestone.  On January 26, 2024, Chijioke-Uche filed the Complaint in the trial court, alleging that Cobblestone violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law,[1] the Pennsylvania Uniform Commercial Code,[2] and the federal Magnuson-Moss Warranty Improvement Act[3] by purportedly reverting a credit to a debit in Chijioke-Uche's monthly association fees with Cobblestone. Thereafter, on May 23, 2024, Cobblestone filed preliminary objections to the Complaint pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(2), (4)-(6), Pa.R.Civ.P. 1028(a)(2), (4)-(6).[4]  Chijioke-Uche did not respond to Cobblestone's preliminary objections.

---

[1] Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§ 201-1–201-10.

[2] 13 Pa.C.S. §§ 1101-91136.

[3] 15 U.S.C. §§ 2301-2312.

[4] Pa.R.Civ.P. 1028(a)(2), (4)-(6) provides in relevant part as follows:

(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

. . .

(2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

. . .

(4) legal insufficiency of a pleading (demurrer);

(5) . . . nonjoinder of a necessary party . . . ;

(6) pendency of a prior action . . . .

Pa.R.Civ.P. 1028(a)(2), (4)-(6).

On June 21, 2024, the trial court sustained the preliminary objections and dismissed the Complaint without prejudice. In the Order, the trial court did not explicitly provide Chijioke-Uche an amount of time in which to amend the Complaint. Instead of amending the Complaint or initiating a new action, Chijioke-Uche filed an appeal to this Court.[5]

Subsequently, the trial court ordered Chijioke-Uche to file a concise statement of errors complained of on appeal in accordance with Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b), which he did on August 20, 2024. Thereafter, in an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), the trial court opined that Chijioke-Uche's appeal should be quashed for two reasons or, alternatively, the Order should be affirmed. To start, the trial court explained that the appeal should be quashed for lack of jurisdiction because the court dismissed the Complaint without prejudice. By dismissing the Complaint without prejudice, the trial court reasoned that the Order is "not subject to appellate review" because it is an interlocutory order and "[Chijioke-Uche's] claims are preserved to be refiled." (1925(a) Opinion at 2.) Additionally, the trial court explained that the appeal should be quashed pursuant to Pa.R.A.P. 1925(b)(4)(i)-(ii), (iv), because Chijioke-Uche's concise statement of the errors complained of on appeal was not concise or formatted correctly and did not address Cobblestone's preliminary objections, which formed the basis of the Order.

Regarding the merits, the trial court explained that it sustained the preliminary objections on procedural grounds. The trial court "note[d] the [Pennsylvania] Rules

---

[5] On August 2, 2024, Chijioke-Uche filed a notice of appeal of the Order, which is beyond 30 days from the entry of the June 21, 2024 Order. (Original Record at 2, 65.) However, Chijioke-Uche previously filed a "notice" on July 2, 2024, informing the trial court and Cobblestone of his intent to appeal the Order. (*Id.* at 2, 62-63.) Under these circumstances, we construe the July 2, 2024 "notice" as sufficient to establish a timely appeal.

of Civil Procedure are to be 'liberally construed,' and afford the courts a wealth of discretion to disregard any error or defect of procedure that do not impede the 'substantial rights' of the parties." (1925(a) Opinion at 9 (citations omitted).) However, "in viewing the procedural defects in the aggregate,"[6] the trial court reasoned that "it would have been unjust and an invasion of [Cobblestone's] substantial rights not to hold [Chijioke-Uche] accountable to comply with the Rules of Civil Procedure." (*Id.*) Accordingly, "out of fairness," the trial court "sustained [Cobblestone's] [p]reliminary [o]bjections, dismissed the Complaint without prejudice, and thus granted [Chijioke-Uche] leave to file an amended complaint." (*Id.*)

## II.    DISCUSSION

Before reaching the merits of Chijioke-Uche's appeal, we consider the Motion to Quash because it affects the Court's jurisdiction. Therein, Cobblestone argues the Order is not a final, appealable order because the trial court dismissed the Complaint without prejudice. Consequently, Cobblestone asserts that the Court should quash the appeal for lack of jurisdiction. We are constrained to agree.

Generally, the Court's jurisdiction over appeals from the orders of the courts of common pleas is limited to final orders. *See* Section 762(a) of the Judicial Code, 42 Pa.C.S. § 762(a); *Mahoning Township v. Zoning Hearing Bd. of Mahoning Twp.*, 320 A.3d 861, 867 (Pa. Cmwlth. 2024). Relevant here, an order is final if it "disposes of all claims and of all parties." Pennsylvania Rule of Appellate Procedure

---

[6] Specifically, the trial court concluded Chijioke-Uche violated Pennsylvania Rules of Civil Procedure 1019(h), (i), 1022, and 1024(a), Pa.R.Civ.P. 1019(h), (i), 1022, and 1024(a), by not attaching or referencing the homeowners' association agreement upon which the Complaint is based, dividing the Complaint into numbered paragraphs with one material allegation each, and including a verification with the Complaint, respectively.

4

341(b)(1), Pa.R.A.P. 341(b)(1). An order sustaining preliminary objections and dismissing a complaint without prejudice is generally interlocutory and not a final, appealable order because it does not dispose of all claims and parties. *Shahid v. Jones* (Pa. Cmwlth., No. 311 C.D. 2024, filed May 23, 2025), *petition for allowance of appeal filed*, (Pa., No. 330 MAL 2025, filed June 23, 2025);[7] *see also Hionis v. Concord Township*, 973 A.2d 1030, 1034 (Pa. Cmwlth. 2009) ("An order that sustains preliminary objections, but with leave to file an amended complaint, is generally considered to be interlocutory and not a final, appealable decree.").

Here, the trial court sustained Cobblestone's preliminary objections and dismissed the Complaint without prejudice. Although the trial court did not explicitly grant Chijioke-Uche leave to amend the Complaint in the Order, as the trial court explained in its 1925(a) opinion, the Order, in effect, "granted [Chijioke-Uche] leave to file an amended complaint." (1925(a) Opinion at 9.) "This indicates [the] [O]rder did not dispose of all claims and all parties." *Shahid*, slip op. at 4; *see also Ross v. Cousin's Supermarkets, Inc.* (Pa. Super., No. 883 EDA 2019, filed Dec. 31, 2019), slip op. at 5 (quashing an appeal of an order sustaining preliminary objections as interlocutory, explaining that "[a]lthough the trial court did not expressly state that it was dismissing the complaint without prejudice, the lack of

---

[7] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

such language serves as an implicit grant of leave for [a]ppellant to perfect service of the complaint").[8] Accordingly, the Order is not a final, appealable order.[9]

The Order is also not an interlocutory order appealable as of right, as suggested by Chijioke-Uche. Although interlocutory, an order is appealable as of right under certain circumstances, including when the order "is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties." *See* Pennsylvania Rule of Appellate Procedure 311(a)(8), Pa.R.A.P. 311(a)(8). Here, Chijioke-Uche directs the Court to Section 762(a)(4) of the Judicial Code, 42 Pa.C.S. § 762(a)(4), asserting that this provision authorizes the Court "to review interlocutory orders that affect constitutional rights or statutory claims," including "[o]rders affecting fundamental rights, such as the right to a jury trial." (Chijioke-Uche's Memorandum of Law in Support of Appellant's Appeal and in Opposition to Appellee's Motion to Quash Pursuant to Pa.R.A.P. 1972(a)(3) at 2.) Section 762(a)(4) provides no such authority. Rather, Section 762(a)(4) provides that "the Commonwealth Court shall have exclusive jurisdiction of appeals from **final orders** of the courts of common pleas in the following cases: . . . (4) Local government civil and criminal matters. . . ." 42 Pa.C.S. § 762(a)(4) (emphasis

---

[8] The Court "cite[s] to this unreported Superior Court opinion for its persuasive value pursuant to Pennsylvania Rule of Appellate Procedure 126(b)(2), Pa.R.A.P. 126(b)(2), and Section 37B of the Superior Court's Internal Operating Procedures, 210 Pa. Code § 65.37B." *In re Mighty Mouse*, 329 A.3d 852, 859 n.7 (Pa. Cmwlth. 2025).

[9] As the Court explained in *Shahid*, "[p]ersuasive authority indicates we may review an order dismissing a complaint without prejudice if the lower court does not expressly grant leave to amend," as is the case in the instant matter. Slip op. at 5. However, "[t]his authority appears to rely directly or indirectly on cases predating *Hionis* and the language of [Pa.R.A.P.] 341(b)(1)." *Id.* "In *Hionis*, the Court explained an amendment in 1992 added the current definition of 'final order' to the Rules of Appellate Procedure and replaced the '"out of court test" . . . with the requirement that a final order be one that ends litigation with respect to all claims and all parties.'" *Id.* (quoting *Hionis*, 973 A.2d at 1034). We find *Shahid* persuasive and, therefore, will not review the Order even though the trial court did not expressly grant leave to amend the Complaint.

6

added).  As discussed above, the Order is not a final order.  Moreover, the Order does not derive from a local government matter.  *See id.* (defining a local government matter).  Therefore, the Court does not have the authority to review the interlocutory Order pursuant to Section 762(a)(4) of the Judicial Code.

Additionally, Chijioke-Uche contends the Order is appealable as of right because, by dismissing the Complaint, the Order prevents him from exercising his right to a jury trial on his claims.  We disagree.  The fact that Chijioke-Uche demanded a jury trial in his Complaint does not render the interlocutory Order appealable as of right absent a statute or rule making it so.  *See Stadler v. Borough of Mt. Oliver*, 95 A.2d 776, 776-77 (Pa. 1953) (quashing an appeal of an order because it was neither a final, appealable order nor appealable as of right by statute, explaining further that the order "[did] not preclude [the plaintiff] from further pursuing his action before a jury").  The Order also does not prevent Chijioke-Uche from pursuing his claims before a jury, because the trial court dismissed the Complaint without prejudice, thereby granting Chijioke-Uche leave to refile an amended complaint.  *See id.*

Therefore, we are constrained to quash Chijioke-Uche's appeal.  However, we note that in quashing the appeal, the Court does not foreclose Chijioke-Uche from obtaining future appellate review of the Order.  As explained by the Court in *Hionis*, "a plaintiff who chooses not to file an amended complaint may appeal by filing a praecipe with the trial court to dismiss the original complaint with prejudice."  973 A.2d at 1035-36 (citing *Ayre v. Mountaintop Area Joint Sanitary Auth.*, 427 A.2d 1294 (Pa. Cmwlth. 1981)).  In so doing, Chijioke-Uche may convert the interlocutory Order into a final, appealable order.  *See id.*

7

## III. CONCLUSION

For the foregoing reasons, the Court grants the Motion to Quash and quashes Chijikoe-Uche's appeal of the Order. Consistent with the Court's precedent, Chijioke-Uche may praecipe the trial court to issue a final order dismissing the Complaint with prejudice; thereafter, Chijioke-Uche may file a notice of appeal of that final order. *See Hionis*, 973 A.2d at 1035-36; *see also Shahid*, slip op. at 5-6.

_____
RENÉE COHN JUBELIRER, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dr. Jeffrey Chijioke-Uche,      :
            Appellant      :
                             :
         v.                :     No. 999 C.D. 2024
                             :
Cobblestone Estates Community      :
Association, Inc.                    :

# **O R D E R**

**NOW**, August 13, 2025, the Motion to Quash Appeal Pursuant to Pennsylvania Rule of Appellate Procedure 1972(a)(3), Pa.R.A.P. 1972(a)(3), filed by Cobblestone Estates Community Association, Inc. is **GRANTED**, and Dr. Jeffrey Chijioke-Uche's appeal of the June 21, 2024 Order of the Court of Common Pleas of Bucks County is **QUASHED**.

 

RENÉE COHN JUBELIRER, President Judge