NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2634
_____

ABDUS SHAHID,
                                        Appellant

v.

BOROUGH OF EDDYSTONE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-11-cv-02501)
District Judge:  Honorable Timothy J. Savage
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 2, 2012

Before: SCIRICA, JORDAN and GREENBERG, Circuit Judges

(Filed:  November 6, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM.

       Abdus Shahid, proceeding pro se, appeals from the District Court's order entering

judgment in favor of the Borough of Eddystone (the "Borough").  For the reasons set

forth below, we will affirm.

I.

In 2007, Shahid, a United States citizen and native of Bangladesh, bought a single-family dwelling located in the Borough. He rented it as a duplex to various tenants, but never obtained a certificate of occupancy ("COS") as required by the Borough's ordinance. In 2008, he received his first citation for failure to obtain a COS. During an inspection to determine whether a COS should issue, the Borough found twenty-five code violations and gave Shahid approximately six weeks to correct them and schedule another inspection.

Shahid failed to arrange for another inspection and received a second citation for failure to obtain a COS. In 2010, his property was inspected again. After finding thirty-four code violations, the Borough posted a notice that the property was uninhabitable, and issued Shahid a third citation for failure to obtain a COS. Undeterred, Shahid continued to rent the property, prompting yet another inspection in 2011. In addition to finding twenty-eight code violations and again posting uninhabitable notices, the Borough cited Shahid for failure to cut the grass and remove snow from his sidewalk. Shahid was convicted of violating the Borough's ordinances, as set forth in the citations.[1]

Shahid then filed this civil rights action pursuant to 42 U.S.C. § 1983, claiming that the Borough discriminated against him on the basis of his race, national origin, and

---

[1] After the Borough moved for summary judgment, the District Court determined that Shahid was barred by the Heck v. Humphrey and Rooker-Feldman doctrines from challenging the validity of his convictions for violating the Borough's ordinances. (Dkt. No. 27.) Shahid has not challenged that on appeal.

religion, thereby violating his rights under the Fourteenth Amendment. See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 694-95 (1978). He alleged that the Borough's actions were part of a scheme to prevent "people of Bangladesh origin" from living in a "white area," (Dkt. No. 1, p. 2), and that the Borough enforced its laws against him and not against white property owners. After conducting a bench trial on Shahid's discrimination claims, the District Court entered judgment in favor of the Borough. Shahid appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Shahid argues that the District Court's order was based on incorrect findings of fact and should be reversed. In response, the Borough argues that Shahid's appeal should be dismissed for failure to make the trial transcript part of the record, or, alternatively, asks that we affirm the District Court's entry of judgment in its favor because Shahid has not met his burden of proving that the District Court's factual determinations were clearly erroneous.

We will first address the Borough's argument that Shahid's appeal should be dismissed for failure to comply with Federal Rule of Appellate Procedure 10(b), which requires an appellant to order a transcript of the parts of the District Court proceedings that he considers necessary to his appeal. Fed. R. App. P. 10(b)(1)(A). If an appellant fails to follow Rule 10(b), we have recognized that Federal Rule of Appellate Procedure 3(a)(2) permits us to dismiss the appeal. Fed. R. App. P. 3(a)(2); Horner Equip. Int'l, Inc. v. Seascape Pool Ctr., Inc., 884 F.2d 89, 93 (3d Cir. 1989). However, dismissing an

3

appeal for failure to satisfy Rule 10(b) is disfavored.  Id. at 93.  Before doing so, we must consider "whether the defaulting party's action is willful or merely inadvertent, whether a lesser sanction can bring about compliance and the degree of prejudice the opposing party has suffered because of the default."  Id. (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984)).

Prior to filing its brief, the Borough filed a motion to dismiss Shahid's appeal for, among other things, failure to comply with Rule 10(b).  The Clerk issued an order denying the motion and granting the Borough leave to file a supplemental appendix containing the trial transcript.  The Borough failed to do so.  It is true that Shahid was on notice of Rule 10(b)'s requirements, but because the Borough declined the opportunity to supplement the record (and mindful of Shahid's pro se status), we cannot fairly say that the Borough was prejudiced because of Shahid's failure to comply with a procedural rule. Therefore, we will not dismiss his appeal solely on that basis.

We turn now to the Borough's argument that Shahid fails to establish that any of the District Court's findings were clearly erroneous.  After a bench trial, the District Court found that the Borough "did not have a policy or custom of excluding people . . . based on race, religion, or national origin" and that it "did not discriminate against Shahid . . . ."  (Dkt. No. 30,  p. 5.)  The District Court determined that "Shahid's testimony was not credible" and that his statements "appear[ed] calculated to meet [his] burden of proof under Monell."  (Dkt. No. 31, pp. 8-9.)  Apart from being inadmissible hearsay, certain of Shahid's documentary evidence was also found to be fabricated.  (Id. p. 9 n.13.)  Because

4

Shahid produced "no credible evidence" of discrimination, the District Court found that his Fourteenth Amendment rights were not violated and entered judgment in favor of the Borough. (Id. p. 13.)

We review the District Court's findings of fact for clear error. Fed. R. Civ. P. 52(a); Newark Branch, NAACP v. City of Bayonne, N.J., 134 F.3d 113, 120 (3d Cir. 1998). "To the extent that the District Court's conclusions rested on credibility determinations, our review is particularly deferential." Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am., 609 F.3d 143, 156-57 (3d Cir. 2010). Because credibility determinations are "quintessentially the province of the trial court," we reject them only in "rare circumstances." Dardovitch v. Haltzman, 190 F.3d 125, 140 (3d Cir. 1999).

Such rare circumstances are not present in this case. Shahid's brief is replete with unsupported statements that the District Court's decision was based on "incorrect facts." Yet, he offers nothing substantive from the record below to support his assertions that the District Court's factual findings and credibility determinations were clearly erroneous. We therefore defer to the District Court and will not disturb its findings on appeal.

III.

For the foregoing reasons, the judgment of the District Court entered May 23, 2012, will be affirmed.

5