# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abdus Shahid,                :
             Appellant     :
                         :
        v.               : No. 311 C.D. 2024
                         : Submitted: March 4, 2025
Dawn Jones, Borough Manager,   :
Borough of Eddystone and       :
John Lyman, Code Officer,       :
Borough of Eddystone         :

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
PER CURIAM                            FILED: May 23, 2025

      Abdus Shahid (Shahid), *pro se*, appeals the order dated December 8, 2023, by the Court of Common Pleas of Delaware County (Common Pleas), which sustained the preliminary objections of Dawn Jones, Borough Manager, Borough of Eddystone and John Lyman, Code Officer, Borough of Eddystone (collectively, the Officials) and dismissed Shahid's complaint without prejudice. After careful review, we quash this appeal.

## BACKGROUND

      Shahid filed his complaint on May 5, 2023, alleging the Officials interfered with his ability to rent apartments he owns in the Borough of Eddystone, Delaware County between April 2022 and 2023 and discriminated against him based on his race and national origin. Shahid alleged the Officials "hired [a] spy" to surveil his apartment building and let them know if tenants moved in or out. Reproduced Record (R.R.) at 3. Shahid described incidents during which the Officials allegedly

arrived at his building, stated they disliked Shahid because of his race and national origin, and warned his tenants that if they did not leave voluntarily, the police would remove them by force. Shahid further described incidents during which the Officials allegedly encouraged his tenants not to pay rent, stating again they disliked Shahid because of his race and national origin. Shahid claimed the Officials caused damage to his building, which included spreading paint on the floors, breaking window air conditioners, and clogging and breaking drain lines. Ultimately, Shahid alleged the Officials violated his civil rights and requested a $5 million judgment in his favor.

The Officials filed a motion to dismiss and preliminary objections on July 18, 2023, with an accompanying memorandum of law. The Officials contended Shahid previously filed unsuccessful lawsuits based on similar allegations of discrimination involving the Borough of Eddystone, including a federal lawsuit in which the United States Court of Appeals for the Third Circuit affirmed the decision against Shahid. *See Shahid v. Borough of Eddystone*, 503 F. App'x 184 (3d Cir. 2012). Moreover, Shahid filed similar lawsuits involving the Borough of Darby in Delaware County. The Officials alleged Shahid repeatedly violated property codes, among other things, and had open cases regarding these violations. They characterized Shahid as a serial litigator who used his lawsuits to evade responsibility for the violations and to deter local officials from enforcing the law. The Officials requested that Common Pleas dismiss Shahid's complaint as frivolous under Rule 233.1 of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 233.1, and bar Shahid from filing additional lawsuits involving the same or related claims.

In the alternative, the Officials requested dismissal of Shahid's complaint for failure to state a cause of action and lack of specificity under Pennsylvania Rule of Civil Procedure 1028(a)(2), (3), and (4), Pa.R.Civ.P. 1028(a)(2), (3), and (4). The

Officials contended Shahid failed to plead sufficient facts describing what they were accused of doing and when their alleged conduct occurred. In addition, the Officials contended Shahid did not allege he or anyone else witnessed the Officials damaging his building. The Officials maintained they were immune from Shahid's suit based on the doctrines of governmental and official immunity. They argued Shahid failed to plead facts that would establish willful misconduct and overcome their immunity.[1]

By order dated December 8, 2023, Common Pleas sustained the preliminary objections and dismissed Shahid's complaint without prejudice, citing his "failure to identify a valid cause of action with sufficient factual and legal specificity." R.R. at 35. Shahid filed an appeal to this Court. In its opinion, Common Pleas explained Shahid filed his complaint against the Officials in their official capacities but did not plead any exception to governmental and official immunity "other than . . . sweeping generalizations that he has been discriminated against with respect to his property." Common Pleas Op., 1/30/24, at 4. Common Pleas also explained Shahid failed to plead what the Officials "allegedly did and said and specifically to whom and when that would support his cause of action" and failed to plead specific facts alleging that the Officials' actions related to Shahid's race or national origin. *Id.* at 5. Common Pleas reasoned it had "dismissed the [c]omplaint without prejudice, allowing for the option of [Shahid] to amend his complaint to provide the necessary facts if such facts exist. He chose not to do so." *Id.*

---

[1] Shahid filed a response to the Officials' motion and preliminary objections with an accompanying memorandum of law. The Officials filed a memorandum of law in reply, and Shahid filed another memorandum of law replying to the Officials' memorandum of law. Notably, Shahid alleged the Officials' counsel made false statements about him and had advised the Officials to discriminate against him. Shahid demanded a $3 million judgment against the Officials' counsel and her law firm. Shahid alleged the Officials sent police to arrest him so that they could "capture" his property and hired a "hitman 3 times recently to hit [him]." R.R. at 15-16.

On appeal, Shahid essentially repeats the allegations in his complaint. Shahid alleges the Officials discriminated against him based on his race and national origin by threatening his tenants, causing them to leave, encouraging them not to pay rent, and damaging his building. Shahid maintains he sufficiently pled these allegations in his complaint. In addition, Shahid challenges Common Pleas' order on the basis that it erroneously dismissed his complaint under Rule of Civil Procedure 233.1.[2]

## DISCUSSION

Before reaching the merits of Shahid's appeal, we consider whether Common Pleas' December 8, 2023 order is final and appealable. This Court may hear appeals from only final orders, unless a statute or rule directs otherwise. *Mahoning Twp. v. Zoning Hearing Bd.*, 320 A.3d 861, 867 (Pa. Cmwlth. 2024). In relevant part, a final order "disposes of all claims and of all parties." Rule 341(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 341(b)(1). An order sustaining preliminary objections and granting leave to amend is generally interlocutory and unappealable. *Hionis v. Concord Twp.*, 973 A.2d 1030, 1034 (Pa. Cmwlth. 2009).

Common Pleas sustained the Officials' preliminary objections and dismissed Shahid's complaint without prejudice. Common Pleas did not expressly grant leave to amend in its order but explained that the effect of its language dismissing without prejudice was to provide Shahid "the option . . . to amend his complaint." Common Pleas Op., 1/30/24, at 5. This indicates Common Pleas' order did not dispose of all claims and all parties. *See* Pa.R.A.P. 341(b)(1); *Hionis*, 973 A.2d at 1034. Because the December 8, 2023 order is interlocutory, we must quash Shahid's appeal.

It is important to emphasize that quashing this appeal will not prevent Shahid from obtaining appellate review of Common Pleas' decision. In *Hionis*, this Court

---

[2] Common Pleas' order indicated it considered the Officials' motion to dismiss under Rule of Civil Procedure 233.1 but did not grant relief on that basis.

4

quashed an appeal from an order sustaining preliminary objections and dismissing without prejudice to the appellant's right to file a second amended complaint, while explaining how the appellant could obtain an appealable final order from the lower court. 973 A.2d at 1036. The Court reasoned, citing *Ayre v. Mountaintop Area Joint Sanitary Authority*, 427 A.2d 1294 (Pa. Cmwlth. 1981), "that a plaintiff who chooses not to file an amended complaint may appeal by filing a praecipe with the trial court to dismiss the original complaint with prejudice." *Hionis*, 973 A.2d at 1035-36.

Persuasive authority indicates we may review an order dismissing a complaint without prejudice if the lower court does not expressly grant leave to amend. *See, e.g.*, *Lichtman v. Williams* (Pa. Cmwlth., No. 1435 C.D. 2017, filed May 8, 2018) (per curiam), slip op. at n.1.[3] This authority appears to rely directly or indirectly on cases predating *Hionis* and the language of Rule 341(b)(1). One case *Lichtman* cites, for example, is *Schneller v. Prothonotary of Montgomery County* (Pa. Cmwlth., No. 1316 C.D. 2016, filed Sept. 12, 2017) (per curiam), slip op. at 5 n.4, in which we reasoned an order was final where it "had the practical effect of putting Schneller out of court." In *Hionis*, the Court explained an amendment in 1992 added the current definition of "final order" to the Rules of Appellate Procedure and replaced the "'out of court test' . . . with the requirement that a final order be one that ends litigation with respect to all claims and all parties." 973 A.2d at 1034.

## CONCLUSION

Common Pleas' December 8, 2023 order sustaining the Officials' preliminary objections and dismissing Shahid's complaint without prejudice is interlocutory and unappealable. Therefore, we must quash Shahid's appeal. Consistent with *Hionis*, Shahid may praecipe Common Pleas to issue a final order dismissing his complaint

---

[3] We may cite this Court's unreported memorandum opinions filed after January 15, 2008, for their persuasive value. *See City of Phila. v. 1531 Napa, LLC*, 333 A.3d 39, 47 n.6 (Pa. Cmwlth. 2025).

5

with prejudice, at which time he may file a new notice of appeal and obtain appellate review of his claims.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abdus Shahid,  :
                 Appellant  :
                   :
        v.  : No. 311 C.D. 2024
          :
Dawn Jones, Borough Manager,  :
Borough of Eddystone and  :
John Lyman, Code Officer,  :
Borough of Eddystone  :

**PER CURIAM**                **O R D E R**

     **AND NOW**, this 23rd day of May 2025, the appeal of Abdus Shahid from the order of the Court of Common Pleas of Delaware County, dated December 8, 2023, is **QUASHED**.